The **BOARD OF EQUALIZATION OF the CITY OF PLANO, Texas and Plano Independent School District, et al., Appellants,**

v.

**John WELLS et al., Appellees.**

**No. 17780.**

Court of Civil Appeals of Texas, Dallas.

Aug. 19, 1971.

Rehearing Denied Oct. 5, 1971.

John Plath Green, Green, Gilmore, Crutcher & Rothpletz, Dallas, Larry Brandon, Perdue & Brandon, Amarillo, for appellants.

Bert Bader, Bader, Wilson, Menaker & Cox, Dallas, for appellees.

CLAUDE WILLIAMS, Chief Justice.

This is an appeal from an order granting temporary injunction. John Wells, B. J. Donihoo and W. C. Carpenter, taxpayers of the Plano Independent School District, and John Brodhead, Walter H. Stephens, R. A. Milraney, taxpayers of both the City of Plano and Plano Independent School District, and the Plano Community Taxpayers Association, composed of more than 1,419 persons who are taxpayers either in the City of Plano, or the Plano Independent School District, brought this action against the Board of Equalization of the City of Plano, and its individual members, Del Morton, G. R. Merriman, John Strawn, Seth Abbott and Laufton Moore; and Troy White, Tax Assessor and Collector of the City of Plano, and Tax Assessor for the Plano Independent School District, seeking a temporary restraining order, temporary injunction, permanent injunction, and mandamus. Plaintiffs alleged that the Board of Equalization which had been appointed by the City of Plano and which, by contract between the City of Plano and the Plano Independent School District, served as Board of Equalization for the school district also, was improperly constituted and was acting without lawful or legal authority; that there were no members on the Board of Equalization who lived outside the City of Plano and in the Plano Independent School District which existed outside the city limits of Plano, and therefore the persons residing outside the City had no representation and were deprived of due process of law and equal protection of the law. Plaintiffs also charged that the tax assessor and collector of the city and school district has prepared a tax roll based on excessive evaluations which are so far in excess of the true values or market values that they cannot form a basis for determining proper values of property subject to taxation and are therefore invalid. Plaintiffs prayed for a temporary restraining order against the members of the Board of Equalization restraining and enjoining them from acting as a Board for the city or the school district or from holding any hearings as to values of property subject to taxation; that Troy White be restrained and enjoined from presenting the tax rolls to the City and the School District. Plaintiffs further asked for a Writ of Mandamus directing and requiring Troy White to prepare a tax roll for the city and the school district which would include all the real and personal property of the city and district, which tax roll would reflect true market value of said property in accordance with the Constitution and the laws of the State. Plaintiffs prayed for temporary and permanent injunctions carrying into effect the restraining order requested.

The trial court granted the temporary restraining order. Following a hearing the trial court, on the 19th day of July 1971, granted a temporary injunction, the material portions of which are as follows:

"It is therefore, ORDERED, ADJUDGED AND DECREED that a temporary injunction be, and same is hereby, granted against Troy White, or a successor, restraining and enjoining him from submitting the tax roll which he has prepared which is the subject of this hearing for the Plano Independent School District to the other defendants, Del Morton, G. R. Merriman, John Strawn, Seth Abbott and Laufton Moore, individually and acting as a Board of Equalization for the City of Plano.

"It is further ORDERED, ADJUDGED AND DECREED that a temporary injunction be, and same is hereby, granted against Troy White, or a successor, restraining and enjoining him from submitting the tax roll which he has prepared which is the subject of this hearing for the City of Plano to the other defendants, Del Morton, G. R. Merriman, John Strawn, Seth Abbott and

Laufton Moore, individually and acting as Board of Equalization for the City of Plano."

No other relief sought by Plaintiffs was granted. From this order the defendants have appealed.

In their first point of error appellants contend that the temporary injunction granted by the trial court should be dissolved because the order itself does not comply with the specific provisions of Rule 683, Texas Rules of Civil Procedure, in that the order does not set forth the reasons for the granting of the order. This point is sustained.

Rule 683, T.R.C.P., provides:

"Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms * * *".

■ The obvious purpose of this rule is to adequately inform a party what he is enjoined from doing and the reasons why he is so enjoined. The requirement of the rule for setting out specifically the reasons for the granting of a temporary injunction is mandatory and the failure to comply amounts to an abuse of discretion and reversable error. Robertson Transports, Inc. v. Transport Company of Texas, 256 S.W. 2d 134 (Tex.Civ.App., 1953), reversed on other grounds, 152 Tex. 551, 261 S.W.2d 549; Gulf Oil Corp. v. Walton, 317 S.W.2d 260 (El Paso 1958); Eastex Wildlife Conservation Assoc. v. Jasper, 450 S.W.2d 904; (Tex.Civ.App., Beaumont, 1970); Smith v. State of Texas, 450 S.W.2d 393 (Tex.Civ. App., Austin, 1970).

■ The order of the district judge before us contains no language which could be construed as being in compliance with the specific term of the rule. Although appellees allege a large number of reasons for the issuance of an injunction the order itself assigns none. For this reason alone the decree must fall.

■ While it is the established rule in Texas that the granting or refusing of a temporary injunction is within the sound discretion of the district court, and the court's action will not be disturbed on appeal unless it clearly appears from the record that there has been an abuse of such discretion, it is also true that the trial court's discretion is not unlimited and does not extend to the erroneous application of the law to the facts. Thus the trial judge may abuse his discretion when he fails or refuses to apply the law to the undisputed facts before him. Southland Life Ins. Co. v. Egan, 126 Tex. 160, 86 S.W.2d 722 (Tex.Comm.App.1935 Opinion adopted); Harding v. Pearson, 48 S.W.2d 964 (Comm.App.1932); Costello v. Hillcrest State Bank, 380 S.W.2d 780 (Tex.Civ.App., Dallas, 1964); John L. Bramlet & Co. v. Hunt, 371 S.W.2d 787 (Tex.Civ.App., Dallas 1963).

We agree with appellants that the trial court abused its discretion in applying the law to the undisputed facts set forth in this record.

First, appellants leveled an attack upon the Board of Equalization contending that it was either illegally constituted or illegally functioning for the following reasons:

(1) That the Board did not have its first meeting on or before the 1st day of May 1971, such date being fixed by the Charter of the City of Plano;

(2) That subsequent to June 21, 1971, one of the members of the Board of Equalization resigned and the City Council of the City of Plano attempted to illegally and unlawfully appoint another person to act as a member of the Board; and

(3) That all the members of the Board of Equalization were residents of the City

of Plano and thus those persons living outside the City of Plano had no representation on the Board and therefore denied due process and equal protection of the law.

We find no basis in law for the validity of any of these assaults upon the Board.

Article 1175, Vernon's Ann.Civ.St. of Texas provides that home rule cities, such as Plano, shall have full power of local self government including the right to provide for the mode and method of assessing taxes. The City of Plano, in its Charter, has granted to its City Council the power to levy, assess and collect an annual tax upon all property within the City. Section 9.20 of the Charter provides for the appointment of a Board of Equalization by the City Council, such Board to be composed of no fewer than three nor more than five persons who shall be qualified voters and real property owners in the City of Plano. The same section of the Charter provides that at the same meeting the City Council appoints such Board it shall fix the time of the first meeting of the Board, which shall not be later than the 1st day of May. It is undisputed that the City of Plano has contracted with the Plano Independent School District to permit the Board of Equalization of the City to act as a Board of Equalization for the school district. It is also undisputed that the members of the Board of Equalization were appointed by the City but did not hold their first meeting on or prior to the first day of May, 1971. The Board did hold its first meeting on June 21, 1971.

■ In our opinion the Charter provision in reference to the first meeting of the Board of Equalization is directory and not mandatory. Our Supreme Court in Chisholm v. Bewley, 155 Tex. 400, 287 S. W.2d 943 (1956) stated while there is no absolute test by which it may be determined whether a statutory provision is mandatory or directory the fundamental rule is to ascertain and give effect to the Legislative intent. The Court said that in determining whether the Legislature intended the provision to be mandatory or merely directory consideration should be given to the entire act, its nature and object, and the consequences that would follow from each construction. "Provisions which are not of the essence of the thing to be done, but which are included for the purpose of promoting the proper, orderly and prompt conduct of business, are not generally regarded as mandatory." See also Federal Crude Oil Co. v. Yount-Lee Oil Co., 122 Tex. 21, 52 S.W.2d 56 (1932); City of Uvalde v. Burney, 145 S.W. 311 (Tex.Civ.App.1912); McKee v. State, 318 S.W.2d 113 (Tex.Civ. App.1958); and Sutherland on Statutory Construction (2d Ed.) Sec. 611–612. It is obvious to us that the inclusion of the time requirement in the Charter was placed there for the purpose of promoting proper, orderly and prompt conduct of business and is not, in itself, of the essence of the thing to be done, that is, the appointment of the Board of Equalization and the performance of its duties of equalizing taxation.

■ Following the action of the City Council of appointing the members of the Board of Equalization one of its members Mr. V. C. Arnold resigned and the Board appointed Laufton Moore to replace him. Appellees take the position that this act was not provided for by the Charter and Mr. Moore's appointment was therefore illegal and void. We cannot agree. The Charter provisions, above quoted, expressly delegate the authority to the City Council to appoint the members of the Board of Equalization and we observe no valid reason implicit in the law to deprive the Council of the inherent right to replace a member who has resigned with another member who possesses the proper qualifications. This is certainly true in absence of any charge of fraud or arbitrary action on the part of the Council in appointing the new member.

■ Neither can we agree with appellees in their contention that the fact that

all the members of the Board of Equalization are residents of the City of Plano therefore those people living outside the city limits but within the school district are deprived of equal representation, due process and equal protection of the law. The Constitution and laws of our State require that all taxes shall be equal and uniform. Section 9.22 of the Charter of the City of Plano dealing with the duties of the Board of Equalization provides that it shall be the duty of the Board to examine and, if necessary, revise the assessments as presented by the City Tax Assessor-Collector, to the end that all property within the City shall be assessed as fairly and uniformly as possible; to hold as many meetings as may be necessary to hear and determine the complaint of any person with relation to the assessment roll; and to make such adjustments in the assessment roll as it may determine to be necessary. This Board, by contract, has the same powers and duties with reference to the Plano Independent School District. So it is obvious that the Board is charged by law with the duty of seeing to it that all property, whether rural or urban, within the area comprising the Plano Independent School District, whether it be within or without the corporate limits of the City of Plano, is assessed equitable and the proper value thereof determined. The right and power to appoint members of the Board of Equalization is vested in the City Council of the City of Plano. Since the School Board includes the City a resident of the city is also a taxpayer in the School District even though he may not have property located outside the city limits. The evidence developed in this record does not reveal that the prior assessment of property by the Board is not proper or that the mere fact that the members of the Board live within the limits of the City of Plano has resulted in specific injury or loss to any property owner outside the city. As the Supreme Court of the United States stated in Charleston Federal Savings and Loan Association v. Alderson, 324 U.S. 182, 65 S.Ct. 624, 89 L.Ed. 857, the constitutional prohibition applies only to taxation which in fact bears unequally on persons and property of the same class and that mere differences in modes of assessments do not deny equal protection unless they are shown to produce such inequality. We think that appellees have failed, as a matter of law, to demonstrate the violation of the constitutional and statutory requirements by virtue of the composition of the Board as constituted. State v. Galveston H. & S. A. Ry. Co., 100 Tex. 153, 97 S.W. 71 (Sup.Ct.1906); Ex Parte Sizemore, 110 Tex.Cr.R. 232, 8 S.W.2d 134 (Civ.App. 1928); and Druesdow v. Baker, 229 S. W. 493 (Comm.App., judgment adopted.) (1921).

It should be further noted that the owners of property situated within the Plano Independent School District are primarily represented by the Trustees of such district. The Board of Trustees, duly elected by the people in the district, is charged with the management and control of the district and its business which includes the matter of taxation. This board has exercised its right to contract with the City of Plano to utilize the services of its Board of Equalization in the matter of taxation. Any complaints concerning the selection of the agency would properly be made to the Trustees of the school district. We find no such complaint in this record nor is there any contention made by appellees that there is unfair or unequal representation by the Board of Trustees of the school district.

We are also convinced, and so hold, that the granting of the temporary injunction in this case was premature. Although appellees argue that the property located in the city and school district is about to be assessed for taxation for the year 1971 based upon evaluations far in excess of the true market value of the property, the fact remains that no roll of assessments has ever yet been presented to the Board of

Equalization by the assessor and such board has never been given an opportunity to perform its functions provided by law. Unlike the situation presented in City of Arlington v. Cannon, 153 Tex. 566, 271 S. W.2d 414 (Sup.Ct.1954) relied upon by appellees, there has never been an adoption of a plan of taxation by the Board of Equalization. In *Cannon* the Board of Equalization was charged with using an arbitrary, illegal and fundamentally wrong method or plan in arriving at the values of property to be taxed. The Supreme Court held that such plan could be enjoined. Here, however, no plan has been adopted and none can be adopted by the Board of Equalization for the simple reason that its hands are tied by virtue of the fact that the Tax Assessor-Collector charged with the duty of presenting to the Board assessment rolls of the property may not do so by virtue of the injunction granted. Until the assessment rolls have been presented to the Board and it has performed its administrative function no determination of its action can be ascertained and evaluated.

We think that it was improper to restrain the activities of the Tax Assessor in his function of merely presenting to the Board of Equalization the "tax roll" or "assessment roll" because the real question to be determined, is whether the method or system of evaluation of property finally adopted by the Board of Equalization based upon such roll, is legal or illegal. It is the plan or system of tax evaluation finally adopted by the Board of Equalization that must stand the test and such plan is subject to injunctive relief prior to the time it is put into effect. Blaha v. Mc-Henry, 468 S.W.2d 186 (Tex.Civ.App. Houston 14th Dist.1971). The remedy of injunction should not be used to block the entire process of taxation but should be limited to the determination of whether the particular plan of taxation is arbitrary or unlawful.

We reverse the action of the trial court in granting the temporary injunction and order the same dissolved.