**D. C. CLEERE, Appellant,**

v.

**CITY OF MESQUITE, Texas, Appellee.**

**No. 20176.**

Court of Civil Appeals of Texas, Dallas.

Feb. 19, 1980.

Robert C. Cox, William Chris Wolffarth, Erhard, Cox, Ruebel & Rector, Dallas, for appellant.

Elland Archer, City Atty., Mesquite, for appellee.

Before GUITTARD, C. J., and AKIN and HUMPHREYS, JJ.

HUMPHREYS, Justice.

This is an appeal from an order denying declaratory relief to appellant, D. C. Cleere. Cleere petitioned the court to declare that a 1974 order requiring him to remove automobile parts from his premises is not an injunction and that it is null and void because it does not meet the requirements of Tex.R.Civ.P. 683. We affirm.

The order here resulted from an action in 1974 by the City of Mesquite, to enjoin Cleere from operating an automobile repair garage, selling automobile parts, and operating a wrecking yard on his premises. The 1974 order was an agreed order, prohibiting appellant from storing at his residence automobiles and automobile parts. In 1979, the city filed a contempt proceeding against Cleere, alleging a violation of this order. Cleere counter-claimed for a declaration pursuant to Tex.Rev.Civ.Stat.Ann. art. 2524–1 (Vernon 1965) that the order was not a valid injunction. The court found that he was not in contempt, but that the agreed order was "in force and effect as a permanent injunction."

Cleere argues that the court erred in refusing to review the 1974 order under the Declaratory Judgment Act, which allows an interested person to have his rights construed under a written contract, and that the court erred in finding the agreed order was a permanent injunction. We conclude that the court had no power to review its previous order. Any attack on the injunction in this proceeding is a collateral attack and cannot succeed unless the injunction is void. The court may determine, however, whether the order is a valid permanent injunction. The question then is whether the court's finding that this is a valid permanent injunction was error.

The agreed order decrees as follows:

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Defendant is to remove all junk automobile cars, transmissions and junk automobile parts from his premises; that the Defendant is not to allow said automobiles on his property for a period longer than 24 hours, nor is he to store for commercial purposes any automobile transmissions or other junk automobile parts; that if said parts or transmissions are stored for personal use, they must be stored in a building on Defendant's property.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there will be no work on automobiles on Defendant's premises located at 1123 Peachtree Road, Mesquite, Texas, except for work on the automobiles of Defendant's immediate family, no unloading of automobile parts and transmissions except for the personal use of the Defendant and his immediate family, and shall not allow impact wrenches or other noisy equipment to be used on his property after 10:00 o'clock p. m.

Cleere argues that this order is not a valid injunction because it does not explicitly use the words "restrain" or "enjoin" with respect to the activities prohibited. We do not agree. Admittedly the restraining lan-

guage is unusual, but its intent to impose a permanent restraint is evident.

Cleere also complains that the order does not comply with Tex.R.Civ.P. 683. That rule requires every order granting an injunction to set forth the reasons for its issuance, be specific in terms and describe the acts sought to be restrained in detail. Cleere contends that this order sets forth no reasons for its issuance and is not specific in its terms. Although the reasons are not specified in the order, this defect does not invalidate the injunction under the circumstances shown here. The purpose of the requirement for reasons is to inform the violator of why he is enjoined. *Board of Equalization of City of Plano v. Wells*, 473 S.W.2d 88, 91 (Tex.Civ.App.—Dallas 1971, no writ). When a party agrees to an injunction, he is in no position to complain that he was not informed of the reasons.

Furthermore, we hold that the order is sufficiently definite in its terms to apprise Cleere of the acts he can and cannot undertake. The only indefiniteness suggested by appellant is that he cannot tell from the order what is commercial use and what is personal use. While there may be a fact question in the future as to whether a certain use was commercial or personal, these terms are not so vague as to render the order unenforceable.

Affirmed.