### NCNB TEXAS NATIONAL BANK, Plaintiff,

v.

### The TRAVELERS INDEMNITY COMPANY and the Doal Ventures, a Texas Partnership, Defendants.

Civ. A. No. CA 3–90–0559–G.

United States District Court, N.D. Texas, Dallas Division.

June 14, 1991.

Patrick Olin Strauss, William Alan Wright, Haynes & Boone, Dallas, Tex., for plaintiff.

James L Deem, Godwin Carlton & Maxwell, Dallas, Tex., Kenneth Paul Gudgen, Gandy Michener Swindle Whitaker & Pratt, Fort Worth, Tex., for Travelers Indem. Co.

Marc Keri Greenberg, Law Office of George S. Henry, Dallas, Tex., for The Doal Ventures.

Helmut Wolff, pro se.

### MEMORANDUM ORDER

FISH, District Judge.

This case is before the court on the motion for summary judgment of plaintiff NCNB Texas National Bank ("NCNB"). For the following reasons, the motion is granted.

### I. *Background*

To facilitate its $100,000 investment in Longcrier Farms, Inc. ("Longcrier"), Doal Ventures, a Texas partnership ("Doal"), furnished a fully funded letter of credit issued by Forestwood National Bank of Dallas ("Forestwood") naming Longcrier as beneficiary. Longcrier assigned its rights in the proceeds of the letter of credit to InterFirst Bank Fort Worth, N.A. ("InterFirst"), which later became First Republicbank Fort Worth ("First Republicbank"). On July 29, 1988, First Republicbank was declared insolvent, and the Federal Deposit Insurance Corporation, as receiver, transferred its assets to J.R.B. Bank, N.A., the name of which was later changed to NCNB.

In October, 1985, Doal requested a temporary injunction from a Texas district court prohibiting Longcrier from presenting, and Forestwood from paying, the letter of credit. The court entered the injunction on November 1, 1985, with the agreement of NCNB's predecessor, InterFirst. Doal, as principal, and Bill Wooten and the Travelers Indemnity Company ("Travelers"), as sureties, executed a temporary injunction bond in favor of InterFirst. Doal did not, however, deposit $110,000 into the registry of the court as required by the temporary order.

On July 31, 1989, United States District Judge Barefoot Sanders rendered a final judgment in favor of NCNB as owner of the letter of credit, holding that the state court temporary injunction was improvidently issued and should be dissolved. Because Forestwood had been declared insolvent, NCNB's judgment against it was uncollectible. As a result, NCNB made de-

mand on Travelers and Doal for payment of $110,000 under the temporary injunction bond. When they refused to pay, this suit ensued.

## II. *Analysis*

### A. *Travelers is estopped from denying liability by claiming that the state court temporary injunction is void ab initio*

■ Travelers claims that the injunction is void ab initio because the state court did not specify the reasons for the injunction and that a void injunction cannot cause damages. It is true that Texas law does require every order granting an injunction to set forth the reasons for its issuance. Tex.R.Civ.P. 683. However, as NCNB points out, "[t]he purpose of the requirement for reasons is to inform the violator of why he is enjoined." *Cleere v. City of Mesquite*, 594 S.W.2d 831, 833 (Tex.Civ. App.—Dallas 1980, no writ). The rule was not intended to provide sureties a means of avoiding payment on any bond executed in conjunction with the order.

All parties to the underlying litigation, including Travelers, conformed their conduct to the injunction as if it were completely valid and effective. Because all parties have relied on the validity of the injunction, Travelers is estopped to deny liability on the theory that the injunction was void from the beginning.

### B. *NCNB's damages were caused by the actions of Doal and Travelers*

■ In the final judgment rendered by Judge Sanders, NCNB was declared the owner and holder of a valid letter of credit. Forestwood, the issuer, was obligated to pay on the letter of credit, but it had been declared insolvent by this time.

The state court had ordered Doal to pay $110,000 into the registry of the court as a condition of granting the temporary injunction. Doal's failure to comply caused NCNB to be unable to collect on its judgment.

Doal, as principal, and Travelers, as surety, agreed in the bond to pay InterFirst all sums adjudged against Doal if the temporary injunction were dissolved. The final judgment signed by Judge Sanders found against Doal and dissolved the injunction. Doal is liable as principal on the bond and Travelers is liable as surety.

Travelers' arguments about proximate cause are unpersuasive. As contended by NCNB in its reply, the negligence cases relied on by Travelers are inapplicable to this case. The events which Traveler claims as intervening causes are irrelevant to the fact that Travelers bound itself as surety for amounts adjudged against Doal. Similarly, whether or not the insolvency of Forestwood was foreseeable has no effect on Travelers' obligations under the bond.

### C. *NCNB is entitled to attorney's fees*

■ Travelers maintains that Texas law does not allow recovery of attorney's fees incurred in defending against an injunction pursuing a claim for wrongful injunction, citing *Howard Gault Company v. Texas Rural Legal Aid, Inc.*, 615 F.Supp. 916, 942 (N.D.Tex.1985), *aff'd in part and rev'd in part on other grounds*, 848 F.2d 544 (5th Cir.1988). However, NCNB has prevailed on its claim for relief under the injunction bond, which is contractual in nature. As in *Valdina Farms, Inc. v. Brown, Beasley & Associates, Inc.*, 733 S.W.2d 688 (Tex.App.—San Antonio 1987, no writ), the "facts necessary to defeat the injunction are the same as those needed to collect on a letter of credit based on the loan commitment," making attorney's fees recoverable, and "the fees incurred in defending against the injunction need not be segregated from the fees incurred for recovering under [the contract claim]." *Id.* at 694.

The court is of the opinion that § 38.-001(8) of the Texas Civil Practice and Remedies Code (Vernon 1986) authorizes recovery of attorney's fees by NCNB and that $23,328.19 is a reasonable fee for the services performed in this case through the entry of judgment. If there is an appeal of this judgment to the Court of Appeals, this amount should be increased by $5,000; if there is a petition for writ of certiorari to the Supreme Court of the United States, another $5,000 should be added; and if a petition for writ of certiorari is granted,

the fee should be augmented by another $2,500.

### III. *Conclusion*

For the reasons stated, NCNB's motion for summary judgment is GRANTED. Within ten days of this date, counsel for NCNB shall submit a form of judgment consistent with this memorandum order.

SO ORDERED.