United States Court of Appeals,

Fifth Circuit.

No. 91–1993.

NCNB TEXAS NATIONAL BANK, Plaintiff–Appellee,

v.

The TRAVELERS INDEMNITY COMPANY, et al., Defendants,

The Travelers Indemnity Company, Defendant–Appellant.

June 10, 1992.

Appeal from the United States District Court for the Northern District of Texas.

Before KING and WIENER, Circuit Judges, and LAKE, District Judge.[*]

PER CURIAM:

The Travelers Indemnity Company appeals from the district court's summary judgment, 770 F.Supp. 330, ordering it to pay NCNB Texas National Bank's attorney's fees incurred in seeking payment under an injunction bond. Travelers argues that NCNB has no right to attorney's fees, since NCNB was not a party to the injunction bond. Since the bond expressly provided that NCNB's predecessor was the beneficiary of the bond, however, we hold that NCNB was entitled to its attorney's fees under Texas law.

I. BACKGROUND

Forestwood National Bank of Dallas issued a letter of credit to Doal Ventures, a Texas partnership, who then furnished the letter of credit to Longcrier Farms, Inc. to facilitate Doal's investment in Longcrier. Longcrier assigned its rights in the proceeds of the letter of credit to InterFirst Bank Fort Worth, N.A., whose assets have since been transferred, via the FDIC, to NCNB. Doal later obtained an agreed temporary injunction (with the acquiescence of InterFirst) in state court, enjoining InterFirst and Longcrier from presenting the letter of credit and enjoining

---

[*]District Judge for the Southern District of Texas, sitting by designation.

Forestwood Bank from paying the letter of credit. As a condition of obtaining the injunction, the state court required Doal to file a security bond. Doal, with the Travelers Indemnity Company as surety, filed a temporary injunction bond in the amount of $110,000. The bond obligated Doal and Travelers to pay InterFirst if the injunction were dissolved.

NCNB later sued in federal court to enforce the letter of credit and to dissolve the temporary injunction. The district court held that the state court had improvidently granted the agreed temporary injunction. The district court also held that the letter of credit was a valid obligation of Forestwood, and that NCNB was the owner and holder of the letter of credit. The district court ordered the injunction dissolved and required Forestwood to pay NCNB all sums due under the letter of credit.

By then, however, Forestwood was insolvent. NCNB demanded payment of the bond from Travelers. When Travelers refused to pay, NCNB brought this suit for breach of contract to recover on the bond. The district court held that NCNB was entitled to recover the face amount of the bond, $110,000, plus its attorney's fees incurred in compelling payment from Travelers. Travelers has appealed only the award of attorney's fees.

## II. ANALYSIS

Travelers argues that Texas law does not permit recovery of attorney's fees based on a contract unless the party seeking payment is a party to the contract. The relevant provision of Texas law states that "[a] person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for ... an oral or written contract." Tex.Civ.Prac. & Rem.Code § 38.001(8). Travelers has not appealed that portion of the district court's judgment holding Travelers liable for the face amount of the bond.

Texas law allows a third person, not a party to a contract, to "have a cause of action to

enforce the contract if the contract was made for that person's benefit." *Dairyland County Mut. Ins. Co. v. Childress,* 650 S.W.2d 770, 775 (Tex.1983) (citing *Quilter v. Wendland,* 403 S.W.2d 335, 337 (Tex.1966); *Knox v. Ball,* 144 Tex. 402, 191 S.W.2d 17, 21 (1946)). Such a third party beneficiary may also recover attorney's fees under § 38.001(8). *Id.*[1]

The temporary injunction bond provided that Doal and Travelers "acknowledge ourselves bound to pay to InterFirst Bank–Fort Worth ... the sum of $110,000.00 ... if the TEMPORARY INJUNCTION be dissolved in whole or in part." Travelers does not dispute that NCNB is the successor in interest to InterFirst. On appeal, Travelers does not dispute that the condition of the bond has been met, and that NCNB was therefore entitled to payment of the face amount of the bond. As a consequence, we think it is beyond cavil that NCNB is a third-party beneficiary of the bond. As such, *Dairyland* unequivocally gives NCNB the right to recover its attorney's fees.[2]

## III. CONCLUSION

The district court's summary judgment, awarding NCNB attorney's fees, is AFFIRMED.

---

[1]*Dairyland* construed Tex.Rev.Civ.Stat.Ann. art. 2226, which has subsequently been repealed and codified without change as Tex.Civ.Prac. & Rem.Code §§ 38.001–38.006. *See, e.g., Murrco Agency, Inc. v. Ryan,* 800 S.W.2d 600 (Tex.App.—Dallas 1990). *Dairyland* applied "the contract provision of Art. 2226," which has been codified as § 38.001(8). *Dairyland,* 650 S.W.2d at 775.

[2]As this opinion demonstrates, the court has not considered the arguments made in NCNB's supplemental letter brief, which were not made below or until oral argument in this court. As a consequence, Travelers' motion to strike NCNB's letter brief is DENIED as moot.