TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00397-CV







Northwest Independent School District, Appellant


v.


City of Fort Worth, Texas, et al., (1) Appellees





FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT

NO. 9604583, HONORABLE PETER M. LOWRY, JUDGE PRESIDING






 This case involves appellant Northwest Independent School District's (NISD's) challenge
to the constitutionality of the application of an ad valorem tax exemption to property owned by a public
corporation. See Tex. Civ. Stat. Ann. art. 5190.6, § 4B(k) (West Supp. 1997); Tex. Tax Code Ann. §
11.11 (West 1992). NISD sued the owners and managers of the property, namely Texas Motor
Speedway, Inc. (TMS), Speedway Motorsports, Inc. (SMI), the Fort Worth Sports Authority, Inc. (the
Authority), and the City of Fort Worth. NISD also sued several state officials. NISD appeals the trial
court's dismissal of its lawsuit for lack of subject matter jurisdiction. Because the cause was not ripe for
adjudication, we will affirm the trial court's order.


BACKGROUND

 According to NISD's petition, SMI and TMS owned property located in the City of Fort
Worth. Pursuant to an agreement between SMI and the City of Fort Worth, the City created a public,
non-profit corporation, the Authority, which planned to purchase the property. See generally Tex. Civ.
Stat. Ann. art. 5190.6 (West Supp. 1997). The parties stipulate that the Authority has purchased the
property. (2) The Authority allegedly plans to make improvements to the property and has leased it back to
TMS for management.

 The parties anticipate application of a tax exemption to the property. Each county in Texas
has an appraisal district and appraiser charged with appraising property in the county for purposes of ad
valorem taxation. See Tex. Tax Code Ann. § 6.01 (West 1992). NISD has the authority to levy ad
valorem taxes on property within its jurisdiction. Tex. Educ. Code Ann. § 45.001 (West 1996). The
property at issue here is in Denton County's appraisal district and within NISD's jurisdiction. Public
property is exempt from ad valorem taxation; therefore, NISD argues, because the property is owned by
a public entity, it might become exempt from NISD's taxing authority. See Tex. Tax Code Ann. § 11.11;
Tex. Rev. Civ. Stat. Ann. art. 5190.6, § 4B(k). 

 NISD contends application of the "public property" exemption to TMS will
unconstitutionally deprive it of tax revenues. Specifically, the District argues application of the exemption
will violate the following provisions of the Texas Constitution: article III, sections 51 and 52(a) (prohibiting
granting of public monies and lending of credit); article VIII, section 1 (mandating equal and uniform
taxation of all property); article VIII, section 2 (requiring exempt public property to be used for public
purposes); and article XI, section 9 (requiring property of counties, cities, and towns to be owned and held
only for public purposes). See Tex. Const. art. III, §§ 51, 52(a), art. VIII, §§ 1, 2, & art. XI, § 9. 

 NISD launched a preemptive attack on the proposed plan by suing for an injunction to
prevent the City, the Authority, TMS, and SMI from carrying out their proposed plan. NISD also sought
a declaration that the future application of the tax exemption would be unconstitutional. The appellees filed
a motion to dismiss, alleging the court did not have subject matter jurisdiction over the cause because NISD
had not exhausted its administrative remedies (3) and because the cause was not ripe for adjudication. The
court granted the motion on both grounds. NISD appeals the dismissal in one point of error, alleging the
court erred in concluding NISD had to pursue its administrative remedies before bringing a constitutional
challenge. NISD does not expressly challenge in a point of error the trial court's dismissal on ripeness
grounds, but some of its textual arguments pertain to the ripeness issue.


DISCUSSION

 We review the trial court's determination of issues of subject matter jurisdiction de novo. 
North Alamo Water Supply Corp. v. Texas Dep't of Health, 839 S.W.2d 455, 457 (Tex. App.--Austin
1992, writ denied). In deciding the question, we construe the pleadings in NISD's favor and look to
NISD's intent. See Tex. Ass'n of Business v. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993). Even
construing the pleadings in this light, we conclude the trial court did not have jurisdiction over this case
because NISD did not establish that the cause was ripe for adjudication. 

 According to the record before the trial court and the parties' stipulated supplemental
statement of facts, the Denton County Appraisal District, which is in charge of initially determining the
applicability of the exemption, has not considered applying the exemption to the property. In fact, the
record does not reveal that the appraiser has compiled the list of taxable entities in NISD's jurisdiction. 
See Tex. Tax Code Ann. § 25.01 (West 1992) (relating to annual preparation of list); see also § 25.24
(West 1992) (same). Without that list, there is no indication that the appraisal district intends to apply the
exemption to the property.

 NISD argues the exemption will be automatic and that the appraisal district has no
discretion in applying the exemption to the property. See id. § 11.11 (public property exempt from ad
valorem taxation), 11.42(b) (West 1992) (exemption effective immediately upon qualification), & 11.43(a
) (person claiming public property exemption need not apply for exemption); Tex. Rev. Civ. Stat. Ann. art.
5190.6, § 4B(k) (property owned by public corporation deemed held for public purpose). However, the
appraisal district will have to make some threshold determinations before the property will have tax-exempt
status. For example, the appraisal district will have to determine that the Authority is in fact the owner of
TMS and that the Authority is a properly formed public corporation whose property fits within the public
property exemption. See Tex. Tax Code Ann. § 11.11, .42(b); Tex. Civ. Stat. Ann. art. 5190.6, § 4B(k). 
In other words, whether the appraisal district will in fact apply the exemption depends upon hypothetical,
contingent facts. 

 We are forbidden to issue advisory opinions ruling on hypothetical, contingent facts. See
Tex. Ass'n of Business, 852 S.W.2d at 444; St. Paul Fire & Marine Ins. Co. v. Texas Workers'
Compensation Comm'n, No. 03-96-317-CV, slip op. at 5 (Tex. App.--Austin May 15, 1997, no writ
h.). The fact that NISD pled its case under the Uniform Declaratory Judgment Act and the injunction
statute does not dictate a different result. See Tex. Civ. Prac. & Rem. Code Ann. §§ 37.04, 65.011 (West
1986); St. Paul Fire & Marine Ins. Co., slip op. at 5; see also Board of Equalization of City of Plano
v. Wells, 473 S.W.2d 88, 93-94 (Tex. Civ. App.--Dallas 1971, no writ). According to the record, this
cause is not ripe for adjudication.


CONCLUSION

 Having concluded this case presents no justiciable controversy, we affirm the trial court's
order of dismissal.


 _________________________________________

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Affirmed

Filed: May 22, 1997

Do Not Publish
1. The other appellees include: Fort Worth Sports Authority, Speedway Motorsports, Inc., Texas
Motor Speedway, Inc., John Sharp, in his capacity as Comptroller of Public Accounts for the State of
Texas, Dan Morales, in his capacity as Attorney General for the State of Texas, Brenda F. Arnett, in her
capacity as Executive Director of the Department of Commerce for the State of Texas, George W. Bush,
in his capacity as Governor of the State of Texas, and Bob Bullock, in his capacity as Lieutenant Governor
of the State of Texas.
2. At the time NISD filed its lawsuit and the trial court ruled on the appellees' motion to dismiss,
the Authority had not purchased the property. However, during the pendency of this appeal, the parties
filed a stipulated supplemental statement of facts stating that the Authority has acquired title to the property.
3. Each county's appraisal records are subject to review by an appraisal review board. See Tex.
Tax Code Ann. §§ 6.41, 25.22, 41.01 (West 1992 & Supp. 1997). The Tax Code authorizes taxing units
like NISD to challenge the exclusion of property from the appraisal records. See id. § 41.03(2) (West
1992). Because the list of taxable properties in NISD's jurisdiction had not been compiled, NISD had not
challenged the anticipated exclusion of TMS property from the appraisal records when it sued appellees.



d 455, 457 (Tex. App.--Austin
1992, writ denied). In deciding the question, we construe the pleadings in NISD's favor and look to
NISD's intent. See Tex. Ass'n of Business v. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993). Even
construing the pleadings in this light, we conclude the trial court did not have jurisdiction over this case
because NISD did not establish that the cause was ripe for adjudication. 

 According to the record before the trial court and the parties' stipulated supplemental
statement of facts, the Denton County Appraisal District, which is in charge of initially determining the
applicability of the exemption, has not considered applying the exemption to the property. In fact, the
record does not reveal that the appraiser has compiled the list of taxable entities in NISD's jurisdiction. 
See Tex. Tax Code Ann. § 25.01 (West 1992) (relating to annual preparation of list); see also § 25.24
(West 1992) (same). Without that list, there is no indication that the appraisal district intends to apply the
exemption to the property.

 NISD argues the exemption will be automatic and that the appraisal district has no
discretion in applying the exemption to the property. See id. § 11.11 (public property exempt from ad
valorem taxation), 11.42(b) (West 1992) (exemption effective immediately upon qualification), & 11.43(a
) (person claiming public property exemption need not apply for exemption); Tex. Rev. Civ. Stat. Ann. art.
5190.6, § 4B(k) (property owned by public corporation deemed held for public purpose). However, the
appraisal district will have to make some threshold determinations before the property will have tax-exempt
status. For example, the appraisal district will have to determine that the Authority is in fact the owner of
TMS and that the Authority is a properly formed public corporation whose property fits within the public
property exemption. See Tex. Tax Code Ann. § 11.11, .42(b); Tex. Civ. Stat. Ann. art. 5190.6, § 4B(k). 
In other words, whether the appraisal district will in fact apply the exemption depends upon hypothetical,
contingent facts. 

 We are forbidden to issue advisory opinions ruling on hypothetical, contingent facts. See
Tex. Ass'n of Business, 852 S.W.2d at 444; St. Paul Fire & Marine Ins. Co. v. Texas Workers'
Compensation Comm'n, No. 03-96-317-CV, slip op. at 5 (Tex. App.--Austin May 15, 1997, no writ
h.). The fact that NISD pled its case under the Uniform Declaratory Judgment Act and the injunction
statute does not dictate a different result. See Tex. Civ. Prac. & Rem. Code Ann. §§ 37.04, 65.011 (West
1986); St. Paul Fire & Marine Ins. Co., slip op. at 5; see also Board of Equalization of City of Plano
v. Wells, 473 S.W.2d 88, 93-94 (Tex. Civ. App.--Dallas 1971, no writ). According to the record, this
cause is not ripe for adjudication.


CONCLUSION

 Having concluded this case presents no justiciable controversy, we affirm the trial court's
order of dismissal.


 _________________________________________

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Affirmed

Filed: May 22, 1997

Do Not Publish
1. The other appellees include: Fort Worth Sports Authority, Speedway Motorsports, Inc., Texas
Motor Speedway, Inc., John Sharp, in his capacity as Comptroller of Public Accounts for the State of
Texas, Dan Morales, in his capacity as Attorney General for the State of Texas, Brenda F. Arnett, in her
capacity as Executive Director of the Department of Commerce for the State of Texas, George W. Bush,
in his capacity as Governor of the State of Texas, and Bob Bullock, in his capacity as Lieutenant Governor
of the State of Texas.
2. At the time NISD filed its lawsuit and the trial court ruled on the appellees' motion to dismiss,
the Authority had not purchased the property. However, during the pendency of this appeal, the partie