Sharon RUGEN, Appellant,

v.

INTERACTIVE BUSINESS SYSTEMS,
INC., Appellee.

No. 05–92–02215–CV.

Court of Appeals of Texas,
Dallas.

May 28, 1993.
Rehearing Denied July 8, 1993.

Tom S. McCorkle, Dallas, for appellant.

Carol Stephenson, Kimberly A. Scott, Richard J. Nogal, Dallas, for appellee.

Before Justices LAGARDE, CHAPMAN and ROSENBERG, JJ.

## OPINION

ROSENBERG, Justice.

Sharon Rugen appeals from an order granting a temporary injunction. The injunction prohibits Rugen from calling on, soliciting, or transacting business with customers and consultants of her former employer Interactive Business Systems, Inc. (IBS). Rugen is also enjoined from using confidential information and trade secrets she acquired while employed by IBS. Rugen contends, in four points of error, that the court erred in granting the temporary injunction. In another point of error, Rugen complains that the temporary injunction is void. Because we find that the trial court did not abuse its discretion in granting the temporary injunction and the order describes in reasonable detail the acts sought to be restrained, we overrule Rugen's points of error and affirm the trial court's temporary injunction order.

IBS is a personnel company that provides computer consulting and contracting services. IBS initially hired Rugen as a recruiter of data processing personnel at its home office in Oak Brook, Illinois. In 1989 IBS promoted Rugen to the position of account manager and transferred her to its new office in Dallas, Texas. When Rugen accepted the position she executed a noncompetition agreement. Rugen resigned from IBS approximately eleven months later and started a firm named The Business Resource, which is in the same line of business as IBS. Shortly thereafter, IBS noticed that certain documents were missing from its Dallas office.

IBS filed suit against Rugen seeking temporary and permanent injunctive relief and damages for breach of the noncompetition agreement. After a hearing, the trial court ruled that the noncompetition agreement was unenforceable. But the court held that IBS's confidential information, which Rugen had knowledge of, was entitled to protection. The court ordered a temporary injunction enjoining Rugen from calling on, soliciting, or transacting business with consultants employed or retained by IBS or customers of IBS until final judgment is rendered and entered. The temporary injunction also enjoins Rugen from using information defined by the trial court as confidential business information, methods, and trade secrets she learned while employed by IBS until final judgment is rendered and entered.

In reviewing a temporary injunction, we recognize the purpose of the temporary injunction is to preserve the status quo until the case can be tried on its merits. *Matlock v. Data Processing Sec., Inc.,* 618 S.W.2d 327, 328 (Tex.1981). Because an appeal of an order granting or denying a temporary injunction is an appeal from an interlocutory order, the merits of the applicant's case are not presented for appellate review. This Court will reverse a temporary injunc-

tion order only if we determine that the record shows a clear abuse of discretion on the part of the trial court. *Priest v. Texas Animal Health Comm'n,* 780 S.W.2d 874, 875 (Tex.App.—Dallas 1989, no writ). The appellate court is not to substitute its judgment for that of the trial court, but must only determine whether the court's action was so arbitrary as to exceed the bounds of reasonable discretion. *Philipp Bros., Inc. v. Oil Country Specialists, Ltd.,* 709 S.W.2d 262, 265 (Tex.App.—Houston [1st Dist.] 1986, writ dism'd). On appellate review, we draw all legitimate inferences from the evidence in the light most favorable to the trial court's judgment. *Bertotti v. C.E. Shepherd Co.,* 752 S.W.2d 648, 651 (Tex.App.—Houston [14th Dist.] 1988, no writ). To warrant a temporary injunction, the applicant need only show a probable right to permanent relief upon a trial on the merits and a probable injury during the pendency of the trial unless the injunction issues. *Sun Oil Co. v. Whitaker,* 424 S.W.2d 216, 218 (Tex.1968). The trial court abuses its discretion when it misapplies the law to established facts or when the evidence does not reasonably support the findings of probable injury or probable right of recovery. *State v. Southwestern Bell Tel. Co.,* 526 S.W.2d 526, 528 (Tex.1975).

■ In her first point of error, Rugen contends that the trial court erred in granting the temporary injunction because the court ruled that the noncompetition agreement was unenforceable. Rugen complains that the temporary injunction is equivalent to enjoining competition.

■ As a general rule, in the absence of an enforceable agreement not to compete, an employer is not entitled to an injunction preventing a former employee from soliciting the employer's clients. *Gonzales v. Zamora,* 791 S.W.2d 258, 268 (Tex.App.—Corpus Christi 1990, no writ). But it is well established that even without an enforceable contractual restriction "a former employee is precluded from using for his own advantage, and to the detriment of his former employer, confidential information or trade secrets acquired by or imparted to him in the course of his employment." *Johnston v. American Speedreading Academy, Inc.,* 526 S.W.2d 163, 166 (Tex.Civ.App.—Dallas 1975, no writ).

■ Injunctive relief is recognized as a proper remedy to protect confidential information and trade secrets. *Hyde Corp. v. Huffines,* 158 Tex. 566, 314 S.W.2d 763, *cert. denied,* 358 U.S. 898, 79 S.Ct. 223, 3 L.Ed.2d 148 (1958). An injunction is appropriate when necessary to prohibit an employee from using confidential information to solicit his former employer's clients. *See Keystone Life Ins. Co. v. Marketing Management, Inc.,* 687 S.W.2d 89, 93 (Tex.App.—Dallas 1985, no writ).

The noncompetition agreement forbade Rugen from having any interest in a company that would be a competitor of IBS anywhere in the country where IBS conducts business for a period of one year after the termination of her employment. The trial court found the noncompetition agreement unenforceable. And the trial court ruled that an order enjoining Rugen from contacting IBS's customers and consultants was necessary to protect IBS's confidential information. The temporary injunction does not prevent Rugen from competing with IBS. Instead, the injunction prohibits her from soliciting or transacting business with IBS's consultants and customers, whose identities she was able to obtain through confidential information. The injunction does not prevent Rugen from organizing a competing firm and developing her own clients and consultants.

We hold that the trial court is not precluded from ordering the temporary injunction solely because it found the noncompetition agreement unenforceable. And we hold that this temporary injunction is not analogous to the noncompetition agreement, nor does it enjoin competition. We overrule Rugen's first point of error.

■ In points of error three and four, Rugen contends that the court erred in granting the temporary injunction because none of the information IBS seeks to protect is a trade secret as a matter of law and there is no evidence that the information is a trade secret.

A trade secret may consist of "any formula, pattern, device or compilation of information which is used in one's business, and which gives one an opportunity to obtain an advantage over competitors who do not know or use it. It may be ... a list of customers." *Hyde Corp.*, 314 S.W.2d at 776. Before information can be termed a "trade secret," there must be a substantial element of secrecy. *American Precision Vibrator Co. v. National Air Vibrator Co.*, 764 S.W.2d 274, 276 (Tex.App.—Houston [1st Dist.] 1988, no writ). The word "secret" implies that the information is not generally known or readily ascertainable by independent investigation. *Allan J. Richardson & Assocs., Inc. v. Andrews*, 718 S.W.2d 833, 837 (Tex.App.—Houston [14th Dist.] 1986, no writ). When an effort is made to keep material important to a particular business from competitors, trade secret protection will be available. *Gonzales*, 791 S.W.2d at 265.

The statement of facts from the temporary injunction hearing shows that IBS and Rugen stipulated that IBS's customer information, pricing information, the identity of IBS's consultants, and the pricing of these consultants is confidential. Furthermore, portions of Rugen's deposition testimony, introduced at the hearing, reflect that she considers the identity of clients, prospective clients, potential projects, and pricing information to be very confidential. Rugen refused to disclose information concerning The Business Resource's clients and consultants placed because to do so, in her own words, "could take business away from me." This evidence demonstrates that information about IBS's customers, consultants, and pricing policies is confidential and intended to be kept secret. Daniel Williams, president of IBS, testified that Rugen would gain a competitive advantage by using the information she acquired from IBS. We hold, therefore, that the record contains evidence from which the trial court could have determined that the information IBS sought to protect deserved trade secret status.

Rugen argues, in her fifth point of error, that the temporary injunction should not have been granted because the record does not show that she had wrongfully used and would continue to use any confidential information.

A temporary injunction demands only a showing of a probable right to relief. *Sun Oil Co.*, 424 S.W.2d at 218. In reviewing an order granting a temporary injunction, the appellate court draws all legitimate inferences from the evidence in the light most favorable to the trial court's judgment. *Bertotti*, 752 S.W.2d at 651.

From our review of the record, we find evidence indicating that Rugen possesses confidential information of IBS and operates a firm in direct competition with IBS. Rugen is in possession of IBS's confidential information and is in a position to use it. Under these circumstances, it is probable that Rugen will use the information for her benefit and to the detriment of IBS. At times, an injunction is the only effective relief an employer has when a former employee possesses confidential information. *See Weed Eater, Inc. v. Dowling*, 562 S.W.2d 898, 902 (Tex.Civ.App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.). We do not believe that the trial court abused its discretion by granting the temporary injunction. We overrule Rugen's fifth point of error.

Rugen's second point of error contends that the temporary injunction is void because the order does not describe in reasonable detail the acts sought to be enjoined. Specifically, Rugen asserts that the temporary injunction is void for two reasons. First, the injunction refers to other documents. Second, the order does not describe the manner in which she is prohibited from using the confidential information.

Rule 683 of the Texas Rules of Civil Procedure states that "[e]very order granting an injunction ... shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained." TEX.R.CIV.P. 683. The rule's purpose is to ensure that parties are adequately informed of the acts they are enjoined from doing and the reasons for the injunction. *Board of Equalization v. Wells*,

473 S.W.2d 88, 91 (Tex.Civ.App.—Dallas 1971, no writ).

This temporary injunction refers to two exhibits. The temporary injunction order states that Rugen is prohibited from "calling on, soliciting, or transacting business with the customers of IBS listed in Plaintiff's Exhibits 13 and 14 admitted into evidence at the temporary injunction hearing." The trial court admitted these exhibits into evidence under seal and without objection from Rugen. Rugen had seen the exhibits and has personal knowledge of the exhibits' contents. The confidential information IBS sought to protect would have been disclosed if the list of IBS's customers was detailed in the court's injunction order. When confidential information and trade secrets are sought to be protected, courts should word the injunction order to avoid disclosure of the information. An injunction referring to sealed exhibits is in compliance with Rule 683 provided the activity sought to be enjoined is described in reasonable detail. *See Martin v. Credit Protection Ass'n,* 757 S.W.2d 24, 30 (Tex.App.—Dallas 1988), *rev'd on other grounds,* 793 S.W.2d 667 (Tex.1990). Under these circumstances, the temporary injunction does not circumvent the purpose of Rule 683 nor violate Rule 683 solely because it refers to exhibits 13 and 14.

To support her assertion that an injunction referring to exhibits does not describe prohibited acts in reasonable detail, Rugen cites *Moore v. State,* 470 S.W.2d 391 (Tex.Civ. App.—San Antonio 1971, writ ref'd n.r.e.). *Moore* was an obscenity case in which hundreds of exhibits of obscene materials were introduced. *Id.* at 394. The trial court granted an injunction enjoining the appellants from "selling or distributing any matter or matters of a like nature similar to the exhibits." *Id.* at 396. The court of appeals held that the order violated Rule 683 because it did not apprise the appellants of the acts they were restrained from doing. *Id.* In effect, the appellants would have to determine themselves whether materials were obscene.

The case before us is distinguishable from *Moore.* The defendants in *Moore* did not have clear and precise guidelines as to what materials they could and could not distribute. Their only guide to prohibited materials were those "similar to the exhibits." Here the reference to plaintiff's exhibits 13 and 14 does not ask Rugen to speculate which customers she is prohibited from contacting. The exhibits explicitly list the prohibited IBS customers. When the exhibits explicitly define the prohibited conduct and the exhibits contain protected information, we hold that the injunction is not void for referring to the exhibits.

Rugen's second complaint is that the order does not describe the manner in which she is prohibited from using the confidential information. The order clearly restricts Rugen from using the information to solicit IBS's clients and consultants. Furthermore, she was ordered not to use confidential business information listed in the order. This order is sufficient if it reasonably describes the acts enjoined. *See* Tex.R.Civ.P. 683.

We hold that the temporary injunction order satisfies the requirements of Rule 683. The language in the order describes in reasonable detail the acts sought to be restrained. We overrule Rugen's second point of error.

Therefore, we hold that the trial court did not abuse its discretion in granting the temporary injunction. We affirm.