Valerie STRICKLAND, Appellant,

v.

MEDTRONIC, INC., Appellee.

No. 05–02–01161–CV.

Court of Appeals of Texas,
Dallas.

Jan. 29, 2003.

Rehearing Overruled March 6, 2003.

Dan Hartsfield, Baker & Botts, L.L.P., Dallas, for appellant.

Ophelia F. Camina, Susman Godfrey, Llp, Dallas, William Z. Pentelovitch, Minneapolis, MN, for appellee.

Before Justices WHITTINGTON, RICHTER, and FRANCIS.

## OPINION

Opinion by Justice FRANCIS.

This is an interlocutory appeal from an order granting a temporary injunction that enforced a covenant not to compete against appellant Valerie Strickland. In a single issue, Strickland argues the covenant not to compete is unenforceable as a matter of law. Concluding the trial court abused its discretion in granting the temporary injunction, we reverse the trial court's order.

FACTUAL AND PROCEDURAL BACKGROUND

Medtronic is a company that makes cardiac rhythm management devices such as pacemakers and defibrillators. In January 1997, Strickland became a sales representative for Medtronic. At the time she was hired, Strickland signed a Sales Employee Agreement that contained a provision preventing her from selling competitive products in her Medtronic sales territory (as it existed during her last year with Medtronic) for a period of up to 360 days following her resignation or termination for cause. In February 2002, Strickland resigned from Medtronic to work for St. Jude Medical, a competitor of Medtronic. Two days later, Strickland sued Medtronic seeking, among other things, a declaratory judgment that the noncompete agreement was unenforceable against her. Medtronic counterclaimed seeking damages and a temporary injunction enforcing the noncompete agreement. The trial court granted Medtronic a temporary injunction that currently enjoins Strickland from contacting anyone at twelve Dallas area hospitals.

The scope of our review of a temporary injunction is strictly limited to determining whether the trial court clearly abused its discretion in entering the interlocutory order. *Walling v. Metcalfe,* 863 S.W.2d 56, 58 (Tex.1993). Drawing all valid inferences from the evidence in the light most favorable to the order, we must decide whether the trial court's action was so arbitrary as to exceed the bounds of reasonable discretion. *Rugen v. Interactive Bus. Sys., Inc.,* 864 S.W.2d 548, 551 (Tex. App.-Dallas 1993, no writ). We will not disturb the trial court's order unless we conclude the trial court misapplied the law to the established facts or if the evidence does not support the trial court's findings. *Id.* at 550.

The sole issue before the trial court in a temporary injunction hearing is whether the applicant is entitled to preserve the status quo of the subject matter of the suit until the case is tried on the merits. *Davis v. Huey,* 571 S.W.2d 859, 862 (Tex.1978). The applicant for a temporary injunction must plead and prove (1) a probable right of recovery at the trial on

the merits, and (2) an imminent irreparable injury during the pendency of the litigation. *Walling,* 863 S.W.2d at 57.

Although the employment agreement contained a Minnesota choice of law provision, the parties do not dispute that for the purposes of this appeal, Texas law governs the issues to be decided here. Strickland contends the trial court abused its discretion in granting the temporary injunction because Medtronic's noncompete provision was unenforceable pursuant to section 15.50 of the Texas Business and Commerce Code. Specifically, Strickland asserts the covenant not to compete was (1) not ancillary to an otherwise enforceable agreement and (2) unreasonably broad in scope.

■ The enforceability of a covenant not to compete is a question of law. *Light v. Centel Cellular Co. of Texas,* 883 S.W.2d 642, 644 (Tex.1994). A covenant not to compete is enforceable only if (1) it is ancillary to or part of an otherwise enforceable agreement at the time the agreement is made, and (2) it contains reasonable limitations on time, geographical area, and scope of activity that do not impose a greater restraint than necessary to protect the goodwill or other business interest of the promisee. TEX. BUS. & COM.CODE ANN. § 15.50 (Vernon 2002).

■ We must first determine whether the parties entered into an otherwise enforceable agreement. As part of that analysis, we must resolve the parties' dispute as to the nature of Strickland's employment relationship with Medtronic. Strickland argues she was an at-will employee for Medtronic. Medtronic, on the other hand, contends the employment agreement did not create an at-will employment relationship because it (1) guaranteed Strickland a three-month term of employment by virtue of the provision requiring Medtronic to give her ninety days notice prior to

terminating her without cause, and (2) provided the noncompete provision would not be enforced if Strickland was discharged without cause.

■ In order to alter the presumption of at-will employment, there must be an agreement that limits the employer's right to terminate the employee in a meaningful and special way. *Evan's World Travel, Inc. v. Adams* 978 S.W.2d 225, 229 (Tex. App.-Texarkana 1998, no pet.). The termination provision in the Medtronic employment agreement specified "[t]he employment shall continue at the will of Medtronic and the Employee and may be terminated either with or without reason or cause, provided: (a) Medtronic shall not terminate the employment on less than ninety (90) days' notice except with reasonable cause." Contrary to Medtronic's contentions, the contract does not purport to set a term of employment or limit its right to terminate Strickland without cause. The contract makes clear that Strickland can be terminated even if she was doing a good job should Medtronic decide to do so. Medtronic simply had to provide ninety days notice. Similarly, the provision indicating the noncompete clause would not be enforced if Strickland was terminated without cause does not limit Medtronic's ability to terminate Strickland in any meaningful way. We therefore hold the employee agreement created an at-will employment relationship.

■ Generally, an at-will employment relationship standing alone is not an otherwise enforceable agreement because it is not binding on either the employee or the employer. *See Light,* 883 S.W.2d at 644. However, in this case there are several nonillusory promises that were capable of serving as consideration for the agreement despite Strickland's at-will status, namely: (1) Medtronic's promise to provide ninety

days notice of termination if Strickland was terminated without cause; (2) Medtronic's promise to compensate Strickland in the event of economic hardship resulting from the non-compete provision; (3) Strickland's promise not to use or disclose confidential information; (4) Strickland's promise to return documents and tangible items upon termination. Medtronic argues that the following provision in the employee agreement's "Introduction" was additional consideration by Medtronic: "... this agreement is intended to recognize that Medtronic provides the Employee with information concerning its business, products and customers and entrusts the Employee with business relationships and good will of great value to Medtronic."

■ We do not agree that this provision obligated Medtronic to provide Strickland with confidential information. However, even assuming that by this provision Medtronic impliedly promised to provide confidential information to Strickland, we conclude such a promise is illusory because it necessarily depends on a period of employment. Medtronic could avoid this obligation by simply firing Strickland on the day the employment agreement was executed. Medtronic also argues the fact that Medtronic provided "immediate training" to Strickland in consideration for her execution of the employee agreement is an additional basis supporting the existence of an otherwise enforceable agreement. We disagree. At best, the record indicates that Medtronic sent Strickland some "pre-study materials" prior to the execution of the employment agreement and gave her training during the initial months of her employment. The relevant inquiry under section 15.50, however, is whether, *at the time the agreement is made*, there exists a binding promise to train. *See Light,* 883 S.W.2d at 644–45. No such promise exists in this case.

Having concluded there was an otherwise enforceable agreement between Medtronic and Strickland, we must next decide whether the covenant not to compete was ancillary to or part of the otherwise enforceable agreement. *Light,* 883 S.W.2d at 646–47. A covenant not to compete is ancillary to an otherwise enforceable agreement only when (1) the employer's consideration in the otherwise enforceable agreement gives rise to the employer's interest in restraining the employee from competing, and (2) the covenant is designed to enforce the employee's consideration in the otherwise enforceable agreement. *Id.* at 647.

■ Here, Medtronic's consideration is the promise to give ninety days notice prior to terminating without cause and the promise to compensate Strickland in the event of economic hardship resulting from the non-compete agreement. Such promises do not give rise to an interest worthy of protection by a covenant not to compete. Because the first prong of the *Light* test has not been satisfied, the non-competition agreement is not ancillary to the otherwise enforceable agreement and is unenforceable under section 15.50 for the Texas Business and Commerce Code. Consequently, the trial court abused its discretion in granting the temporary injunction. Our disposition of this issue makes it unnecessary to address Strickland's arguments regarding the scope of the noncompetition agreement.

We reverse the trial court's order granting temporary injunction relief thereby dissolving the temporary injunction, and remand the cause to the trial court for further proceedings.