Order filed July 12, 2007

















 
 
  
 
 







 
 
  
 
 




Order filed July 12, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00018-CV 

                                                     __________

 

                     GARY
BOLEN, INDIVIDUALLY, AND PHARAOH 

                                       OIL
& GAS, INC., Appellants

                                                             V.

                             IMPERIAL
PETROLEUM, INC., Appellee

 



 

                                         On
Appeal from the 385th District Court

                                                        Midland County, Texas

                                                Trial
Court Cause No. CV 45060

 



 

                                                                     O
R D E R

 

Our former opinion and judgment dated April 19,
2007, are withdrawn, and our opinion and judgment dated July 12, 2007, are
substituted therefor.  The motion for
rehearing filed by Gary Bolen, individually, and Pharaoh Oil & Gas, Inc. is
overruled.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

July 12, 2007

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.











 
 
  
 
 







 
 
  
 
 




Opinion filed July 12, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of
Appeals

                                                                 ____________

 

                                                          No. 11-06-00018-CV 

                                                    __________

 

                      GARY BOLEN, INDIVIDUALLY,
AND PHARAOH

                                      OIL &
GAS, INC., Appellants

 

                                                             V.

 

                             IMPERIAL PETROLEUM,
INC., Appellee

 



 

                                         On
Appeal from the 385th District Court

 

                                                         Midland
 County, Texas

 

                                                Trial
Court Cause No. CV 45060

 



 

                                              M
E M O R A N D U M   O P I N I O N

 

Imperial Petroleum, Inc. sued Gary Bolen,
individually, and Pharaoh Oil & Gas, Inc. for injunctive relief as well as
for damages in connection with alleged interference with saltwater
disposal.  The trial court granted a
temporary injunction.  Subsequently, in a
bench trial on the merits, the trial court granted permanent injunctive relief
in favor of Imperial against Bolen and Pharaoh. 
The trial court also awarded Imperial actual damages in the amount of
$155,878.41, in addition to attorney=s
fees of $9,744.  We affirm the judgment
of the trial court.








In January 2000, Hillside Oil & Gas, LLC,
purchased a lease in Pecos
 County known as the
University BX from Geronimo Holding Corporation.  Pharaoh also operated an oil and gas unit in
the area known as the Taylor-Link Unit. 
Pharaoh had previously owned the University BX lease.  Geronimo purchased the lease from
Pharaoh.  It appears from the record
that, when Geronimo sold the lease to Hillside, Hillside
borrowed $300,000 and that that money was paid to Bolen and Pharaoh.  Five days after Hillside bought the
University BX, Hillside, Bolen, and Pharaoh entered into a letter agreement by
which Hillside was given the right to dispose
of saltwater, for free, from the University BX into a saltwater disposal well
on the Taylor-Link property.  Bolen and
Pharaoh also granted Hillside a pipeline
right-of-way to accommodate the saltwater disposal system. 

In March 2003, Hillside
assigned its interest in the University BX to Imperial.  Bolen=s
daughter owned an eight percent overriding royalty interest in the University
BX lease.  In the summer and fall of 2004,
Bolen began discussions with Imperial regarding buying the University BX.  Imperial did not want to sell the lease.  Imperial alleges that all went well under the
saltwater letter agreement until September or October 2004 when Bolen and
Pharaoh interrupted the saltwater disposal process by shutting in the pipeline
going to the disposal well.

Imperial sued Bolen and Pharaoh for a temporary
injunction, a permanent injunction, and damages accruing during the time that
the saltwater disposal system was not operating.  Bolen and Pharaoh did not appear for the
temporary injunction hearing, and the trial court issued a temporary
injunction.  Later, the day before a
contempt motion was to be heard in relation to the temporary injunction, Bolen
and Pharaoh=s lawyer
sent a memo to Imperial=s
lawyer stating that the disposal system was immediately restored to its prior
working condition when appellants were served with the temporary injunction.

There are no challenges to the findings of the
trial court that Bolen and Pharaoh halted the flow of saltwater from the
University BX to the Taylor-Link.

In their first two points of error, Bolen and
Pharaoh complain that the permanent injunctive relief is not in accordance with
the terms of Tex. R. Civ. P. 683
and that the evidence is not sufficient to reasonably specify and describe the
act sought to be restrained. 
Specifically, they argue that the injunction makes reference to another
document B the
letter agreement B and
therefore violates Rule 683.








In its judgment, the trial court granted a
permanent injunction against Bolen and Pharaoh. 
Subsequently, in response to allegations contained in a motion for new
trial filed by Bolen and Pharaoh, the trial court amended its permanent
injunction.  In its final form, the
injunction is as follows:

IT IS FURTHER ORDERED that a permanent injunction
issue and the Clerk of this Court is ordered to issue a permanent injunction to
Gary Bolen and Pharaoh Oil & Gas, Inc. permanently enjoining the Defendants
from interfering with or taking any action to halt or disrupt Imperial
Petroleum, Inc.=s right
to transport and/or dispose of saltwater from the subject University BX Lease
into Pharaoh Oil & Gas, Inc.=s
saltwater disposal well on the Taylor-Link lease located in Pecos County,
Texas, in accordance with the terms of the parties=
original agreement dated January 25, 2000.

 

Bolen and Pharaoh direct one of their arguments,
both in their original brief and in their motion for rehearing, at the
reference in the injunction to the parties=
agreement and maintain that Rule 683 has been violated.   There are three classifications of
injunctions: (1)  a restraining order
that has been defined as an interlocutory order made a part of a motion for a
preliminary injunction, by which a party is restrained pending a hearing on the
motion for a preliminary injunction; (2) an order that is effective until the
final hearing, unless dissolved by an interlocutory order; and (3) a perpetual
injunction that can be dissolved only in a final decree or judgment.  Rule 683 applies to the first two
classifications, but it does not apply to the latter one.  Appellant=s
claims that the permanent injunction does not comply with Rule 683 are without
merit.  Rule 683 does not apply to
permanent injunctions.  Qaddura v.
Indo-European Foods, Inc., 141 S.W.3d 882, 892 (Tex. App.CDallas 2004, pet. denied); Shields
v. State, 27 S.W.3d 267, 274 (Tex. App.CAustin
2000, no pet.); Carrell v. Richie, 697 S.W.2d 43, 46 (Tex. App.CAustin 1985, writ ref=d n.r.e.); Spinuzzi v. Town of
Corinth, 665 S.W.2d 530, 534 (Tex. App.CFort
Worth 1983, no writ); Tex. Liquor Control Bd. v. Bacon, 443 S.W.2d 312,
317 (Tex. Civ. App.CAustin
1969), rev=d
on other grounds, 456 S.W.2d 891 (Tex. 1970); Alexander Schroeder Lumber
Co. v. Corona, 288 S.W.2d 829 (Tex. Civ. App.CGalveston
1956, writ ref=d
n.r.e.).[1]








Even though Rule 683 does not apply to the
permanent injunction in this case, Tex.
R. Civ. P. 301 requires that a final judgment be definite, clear, and
precise.  We believe that case law  continues to be as the Texas Supreme Court
declared in San Antonio Bar Ass=n
v. Guardian Abstract & Title Co., 291 S.W.2d 697, 702 (Tex. 1956):

[A]n
injunction decree must be as definite, clear and precise as possible and when
practicable it should inform the defendant of the acts he is restrained
from doing, without calling on him for inferences or conclusions about which persons
might well differ and without leaving anything for further hearing. . . .But
obviously the injunction must be in broad enough terms to prevent repetition of
the evil sought to be stopped, whether the repetition be in form identical to
that employed prior to the injunction or (what is far more likely) in somewhat
different form calculated to circumvent the injunction as written.  And obviously, too, the decree cannot
prejudge new situations, which were not before the court in the first instance,
whether prejudging them as nonviolations or violations of its general
terms.  Nor should it be greatly
concerned with rights of the defendants that are asserted largely in the
abstract.  Otherwise it would probably
take longer to write the decree than it would to try the case, and the
injunction might well become unintelligible and self‑destructive.

 

Bolen and Pharaoh argue that the injunction calls upon them to
draw their Aown
inferences and conclusions as to the precise nature of the activity enjoined.@ 
They also challenge Athe
sufficiency of evidence submitted at trial to identify with reasonable
certainty the property subject to the injunction.@   The judgment granting the permanent
injunction in this case tells Bolen and Pharaoh not to interfere with
transportation and disposition of saltwater from the University BX to the Asaltwater disposal well@ on the Taylor-Link lease.

Bolen and Pharaoh maintain on appeal that there
are some 20 disposal wells on the Taylor-Link lease and that they are left to
determine to which well the trial court is referring.  Raymond Zamora Jr. worked for appellants
supervising pumpers.  He testified that
he knew which well was used for the disposal of saltwater from the University
BX.  More importantly, here follow
excerpts from Bolen=s trial
testimony:

[PLAINTIFF=S
COUNSEL] Q:  You=ve
got a file in your office that has utility bills in it, right?

 

A: But we have the University BX hooked up to one
injection well, and the only utility bill that it has to dispose of that water
is their utility bill, not my utility bill.

. . . .








 

[DEFENSE COUNSEL] Q: [F]irst of all, do you know
what well the saltwater disposal well is?

 

A: Yes, I do.

 

The evidence, including Bolen=s own testimony, shows that appellants
knew to which well the court referred. 
In their original motion for new trial, appellants had complained that
the injunction entered by the trial court covered Aone
or more wells.@  In response to appellants= complaint, the trial court amended the
permanent injunction to provide for a single well rather than multiple wells, a
well that was known to appellants to be the well into which appellee was
disposing saltwater.  All parties to this
suit know exactly which well is involved. 
This injunction is definite, clear, and precise and informs appellants
what they are enjoined from doing.  They
are  not called upon to make inferences
or conclusions about which persons might differ; there is nothing left for
further hearing.  The injunction
specifically enjoins appellants from stopping the flow of saltwater from the
University BX to the disposal well identified specifically by Bolen. 

The result is not affected by the trial court=s referral to Athe
parties= original
agreement dated January 25, 2000.@  See, e.g., Rugen
v. Interactive Bus. Sys., Inc., 864 S.W.2d 548 (Tex. App.C Dallas 1993, no writ).  Rugen
involved a suit for a temporary injunction. 
Rule 683 did apply in that suit. 
Nevertheless, we find the case instructive on the issue of reference to
other documents.  The court had
temporarily enjoined Rugen from contacting
Interactive=s
customers as shown on two trial exhibits. 
On appeal, the court noted that Rugen
had seen the exhibits and had personal knowledge of their contents.  The court said, AAn
injunction referring to sealed exhibits is in compliance with Rule 683 provided
the activity sought to be enjoined is described in reasonable detail.@ 
Rugen, 864 S.W.2d at 553. 








 Even though
the strict requirements of Rule 683 applied in Rugen,
unlike the case before us, the court noted that the purpose of the rule was to
require that those against whom injunctions were issued were informed of the
acts from which they were enjoined.  Id. at 552; see also Maloy v. City of Lewisville, 848
S.W.2d 380, 385 (Tex. App.CFort
Worth 1993, no writ) (In a case involving a temporary injunction, reference was
made presumably to a city ordinance.  The
court held that any reference to the city ordinance merely gave further notice
as to the conduct that the trial court had enjoined.  The reference was not necessary to give the
parties notice of the prohibited conduct.).  


Even if Rule 683 did apply in this case, the
injunction advises appellants of the prohibited acts.  The judgment granting the permanent
injunction in this case tells Bolen and Pharaoh not to interfere with
transportation and disposition of saltwater from the University BX to the Asaltwater disposal well@ on the Taylor-Link lease.  We hold that the judgment is definite, clear,
and precise and informs appellants of the acts enjoined, without calling on
them for inferences or conclusions about which persons might well differ and
without leaving anything for further hearing. 
Points one and two are overruled.

            In their third point, appellants claim that the Atrial court erred in awarding damages
to [a]ppellee based upon lost profits because insufficient evidence was
submitted at trial to calculate the amount of all inherent costs associated
with the generation of profits.@  In their fourth point of error, appellants
maintain that the trial court erred in its damage award because Ainsufficient evidence was submitted at
trial to support a finding of [a]ppellee=s
capability to produce and sell oil and gas at a profit.@  Appellee claims that appellants have waived
these issues on appeal because they either did not object at the trial court
level or they offered different objections to the trial court than are being
offered on appeal.

On appeal, appellants style points of error three
and four as sufficiency of the evidence points. 
However, their argument actually goes to the methodology used.  The record is replete with testimony upon
which the trial court could have based its judgment upon the methodology
actually presented by appellee. 
Appellants=
complaint is that there is no evidence to support issues that were not
presented to the trial court.  There was
no objection before trial or at the time that the evidence was offered to
appellee=s failure
to include those issues in the damage construct.  We agree with appellants that they may object
to no-evidence points for the first time on appeal in a bench trial.  Coastal Transp. Co. v. Crown Cent.
Petroleum Corp., 136 S.W.3d 227, 233 (Tex. 2004). 
 








Appellants=
arguments in this appeal, however, regardless of what they might be called, are
directed at the methodology used for the damage model presented, without
objection, to the trial court.  We are
not holding that the damage model presented was correct.  However, that was the model presented, and
there was no objection to it before trial or at the time that it was presented.  This is not a case where arguments are being
made that testimony regarding damages was conclusory or speculative.  Those objections can be made as sufficiency
points for the first time on appeal because such evidence is in effect no
evidence.  Id. at 232.  The complaints here amount to a challenge to
the underlying methodology (the failure of the damage model to include certain
elements).   That is a determination to
be made first by the trial court Aand
[is] not an analysis that should be undertaken for the first time on appeal.@ 
Id. at 233; see also Maritime
Overseas Corp. v. Ellis, 971 S.W.2d 402 (Tex. 1998). 
Points three and four are overruled.

In their ASummary
of the Argument,@
appellants state that their sixth argument is based upon the statute of
frauds.  We have been unable to find a
sixth point of error in appellants=
brief.  In any event, the statute of
frauds is an affirmative defense and was not pleaded.  Under Tex.
R. Civ. P.  94, if not
specifically pleaded, the statute of frauds is waived.  Bracton Corp. v. Evans Constr. Co.,
784 S.W.2d 708, 710 (Tex. App.CHouston
[14th Dist.] 1990, no writ).  Affirmative
defenses are waived if the defendant files only a general denial, and unless
tried by consent, the failure to plead a matter of affirmative defense will
preclude a defendant from asserting it.  Id.  Here, appellants filed only a general
denial.  The rule of trial by consent is
limited to those instances where the parties clearly tried an unpleaded issue
by consent.  White v. Sullins, 917
S.W.2d 158, 160 (Tex. App.CBeaumont
1996, writ denied); see Tex. R.
Civ. P. 67.  As the trial court in
this case correctly noted, appellee objected each time that the unpleaded
affirmative defenses were raised.  These issues
were not tried by consent.  To raise
these matters for the first time on appeal is to raise them too late.  We hold that the same principles apply to
appellants= claim in
their fifth point of error regarding mitigation of damages.  That affirmative defense was not pleaded, and
it was not an issue that was tried by consent as is apparent from appellee=s objections and the trial court=s ruling upon those objections.  Any claim of error regarding the statute of
frauds is overruled.  The fifth point of
error is also overruled.

The judgment of the trial court is affirmed.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

July 12, 2007

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.











[1]Appellants cite us to Computek Computer & Office
Supplies, Inc. v. Walton, 156 S.W.3d 217, 220 (Tex. App.CDallas 2005, no pet.). 
We decline to follow Computek and, instead, follow the decision
and reasoning in Qaddura v. Indo-European Foods, Inc., 141 S.W.2d 882
(Tex. App.CDallas 2004, pet. denied).  Appellants acknowledge that the case law
cited by this court in our original opinion holds that the portion of Rule 683
that requires that the trial court set forth in the order the reasons for its
issuance does not apply to permanent injunctions.  Appellants, however, cite us to Vaughn v.
Drennon, 202 S.W.3d 308 (Tex. App.CTyler
2006, no pet.), for the proposition that the portion of Rule 683 that provides
for specificity of the order granting an injunction does apply to permanent
injunctions.  Vaughn is
distinguishable in that, there, the order in question was a temporary
injunctionBan injunction to which Rule 683 clearly applies.