**JON SCOTT SALON, INC., Appellant,**

v.

**Jacalyn GARCIA and Lindsey Gresham, Appellees.**

No. 05–10–00931–CV.

Court of Appeals of Texas, Dallas.

May 19, 2011.

Austin C. Evans, Jerry L. Hiersche, Hiersche, Hayward, Drakeley & Urbach, P.C., Addison, TX, for Appellant.

Stephan Dongwhee Hwang, Stephan D. Hwang PC, Dallas, TX, for Appellees.

Before Justices MORRIS, O'NEILL, and FITZGERALD.

## OPINION

Opinion By Justice MORRIS.

This is an interlocutory appeal from the trial court's order denying appellant Jon Scott Salon, Inc.'s request for a temporary injunction. In a single issue, appellant contends the trial court abused its discretion in denying the request. Concluding appellant's arguments have merit, we reverse the trial court's order and remand the cause for further proceedings.

### I.

Appellees Jacalyn Garcia and Lindsey Gresham were employed by appellant to provide hair styling and related cosmetology services. Both Garcia and Gresham signed employment agreements that included several covenants addressing the disclosure of confidential information, the development of contacts and goodwill, and the solicitation of clients after termination of their employment. Generally, Garcia and Gresham acknowledged that confidential information, including training materials, marketing programs, and customer information, would be disclosed to them by the salon during their employment. In return, they promised not to make any unauthorized disclosures or use of the information either during or after their employment. In addition, Garcia and Gresham acknowledged the salon would provide them with opportunities and resources to develop contacts and goodwill and they agreed to refrain from using the goodwill for the benefit of any person or entity other than appellant. Finally, Garcia and Gresham agreed that, for a period of one year following the termination of their employment with the salon, they would not, directly or indirectly, solicit any of appellant's customers within a ten mile radius.

Garcia and Gresham resigned from their employment with appellant on April 13, 2010. Almost immediately thereafter, they opened a new salon less than ten miles away. According to appellant, it began to experience an inordinate number of cancellations and "no-shows" from established clients with whom Garcia and Gresham had worked. Appellant filed suit seeking damages and injunctive relief. Appellant's claims included misappropriation of trade secrets and confidential information, theft, conversion, breach of contract, and breach of fiduciary duty. Appellant sought injunctive relief to enjoin Garcia and Gresham from activities including using and disclosing trade secrets and confidential or proprietary information and soliciting customers within a ten mile radius of appellant. The trial court granted a temporary restraining order

**534**

and scheduled a hearing for appellant's request for a temporary injunction ten days later.

At the temporary injunction hearing, the trial court interrupted examination of the first witness to inquire about the enforceability of the covenants at issue due to the fact that the contracts containing the covenants were for "at-will" employment. After a brief discussion, the court concluded the covenants were not enforceable because they were not ancillary to or part of an otherwise enforceable agreement as required by the Covenants Not to Compete Act. *See* TEX. BUS. & COM.CODE ANN. § 15.50(a) (West Supp.2009). The trial court relied primarily on this Court's opinion in *C.S.C.S., Inc. v. Carter,* 129 S.W.3d 584 (Tex.App.-Dallas 2003, no pet.). The court then orally denied appellant's request for a temporary injunction.

Appellant moved for reconsideration arguing that the trial court had misapplied the law. Citing *Alex Sheshunoff Management Services., L.P. v. Johnson,* 209 S.W.3d 644 (Tex.2006), appellant contended the trial court erred in concluding the covenants at issue were not enforceable solely because the employment agreements containing the covenants were "at-will." Appellant asked the trial court to withdraw its denial and allow it to continue presenting evidence on the issue of its entitlement to a temporary injunction. The trial court denied the request.

On July 13, 2010, the trial court signed an order denying appellant's request for a temporary injunction. In the order, the trial court specified that it was denying the request because the "non-solicitation clause in [appellant's] employment agreements with [Garcia and Gresham] was unenforceable as a matter of law because [the] employment agreements with [Garcia and Gresham] were 'at will.'" Appellant then brought this interlocutory appeal.

**II.**

■ In a single issue, appellant contends the trial court abused its discretion in denying its request for a temporary injunction. As it argued in its motion to reconsider filed with the trial court, appellant contends the trial court misapplied the law when it ruled that the non-solicitation covenant was not enforceable solely because it was part of an at-will employment agreement. We agree.

■ The purpose of a temporary injunction is to preserve the status quo until the case can be tried on its merits. *See Matlock v. Data Processing Sec., Inc.,* 618 S.W.2d 327, 328 (Tex.1981). Because an appeal from an order granting or denying a temporary injunction is an appeal from an interlocutory order, we do not review the merits of the case. *See Rugen v. Interactive Bus. Sys., Inc.,* 864 S.W.2d 548, 550 (Tex.App.-Dallas 1993, no writ). We will reverse a temporary injunction order only if the record shows a clear abuse of discretion. *Id.* at 551. The trial court abuses its discretion when it misapplies the law to established facts or when the evidence does not reasonably support the findings of probable injury or probable right of recovery. *Id.*

■■ In the absence of an enforceable covenant not to compete, an employer generally is not entitled to an injunction preventing a former employee from soliciting the employer's clients. *Id.* To be enforceable under the Covenants Not to Compete Act, the covenant must be ancillary to or part of an otherwise enforceable agreement at the time the agreement is made. *See* TEX. BUS. & COM.CODE ANN. § 15.50(a) (West Supp.2009). In *C.S.C.S., Inc. v. Carter,* this Court held that, generally, an at-will employment relationship standing alone is not an "otherwise enforceable

agreement" as contemplated by the Act. *See Carter*, 129 S.W.3d at 591. This statement was based on the Texas Supreme Court's holding in *Light v. Centel Cellular Co. of Tex.*, 883 S.W.2d 642, 644–45 n. 6 (Tex.1994) that, because an at-will employment agreement is unenforceable at the time it is made, it cannot support a covenant not to compete. The trial court here specifically relied on our decision in *Carter* when it denied appellant's request for an injunction.

Three years after our decision in *Carter*, however, the Texas Supreme Court departed from the holding in *Light* upon which *Carter* relied. *See Sheshunoff*, 209 S.W.3d at 655. In *Alex Sheshunoff Management Services, L.P. v. Johnson*, the supreme court held that, although the Covenant Not to Compete Act required the covenant to be ancillary to or part of an agreement at the time the agreement is made, the Act did *not* require the agreement to be enforceable at the time it is made. *Id.* Instead, the court held that the agreement could later become enforceable based on performance and, at that point, could support a covenant not to compete. *Id.* For example, where an employer in an at-will employment agreement agrees to provide confidential information or other consideration to an employee, a reciprocal promise by the employee not to use the confidential information in competition with the employer may not be immediately enforceable because the employer's promise is illusory because he could terminate the employee before any confidential information is shared. But, once the employer fulfills the promise to divulge the confidential information, the contract becomes enforceable and may support a covenant not to compete. *Id.* at 648–49. The court held that "if the agreement becomes enforceable after the agreement is made because the employer performs his promise under the agreement and a unilateral contract is formed, the covenant [not to compete] is enforceable if all other requirements under the Act are met." *Id.* at 655. Because *Sheshunoff* specifically states a covenant not to compete made part of an employment at-will agreement may be enforceable, the trial court in this case erred in concluding otherwise.

■ In addition, even without an enforceable covenant not to compete, an employer may be entitled to an injunction to protect against the disclosure of confidential information and trade secrets. *See Rugen*, 864 S.W.2d at 551. An injunction is the appropriate remedy to prohibit an employee from using confidential information to solicit his former employer's clients. *Id.* In this case, a portion of appellant's request for an injunction was for this purpose.

Based on the foregoing, it is clear that the trial court erred in concluding appellant was not entitled to an injunction solely because the employment agreements at issue were at-will. The court misapplied the law and thereby abused its discretion. We reverse the trial court's order denying appellant's request for a temporary injunction. Because the court ruled on appellant's request for an injunction before appellant was able to fully present its evidence in support of its application, we cannot opine on appellant's entitlement to the relief it requested. Accordingly, we remand the cause to the trial court for further proceedings.