Scott **LOYE, Little Bit Productions, Inc., Jennifer Johnson, Phillip Rowe, William Rourke, Melanie Aalbers, Robert Semrow, Mark Perez, Scott Hamilton, Paul Moriarty, and Todd Olsen, Appellants/Intervenors,**

v.

**TRAVELHOST, INC., Appellee.**

No. 05–04–00430–CV.

Court of Appeals of Texas, Dallas.

Dec. 16, 2004.

Julia F. Pendery and Daon Robbins, Godwin Gruber, LLP, Dallas, for Appellants.

Talmage Boston, Chad E. Robinson, Winstead, Sechrest & Minick, P.C., and John A. Price, Dallas, for Appellee.

Before Justices WHITTINGTON, BRIDGES, and FRANCIS.

## OPINION ON REHEARING

WHITTINGTON, Justice.

We grant appellants' October 19, 2004 motion for rehearing. We vacate our opin-

ion and judgment, minute book volume 93, page 4334, dated October 4, 2004. This is now the opinion of the Court.

In this interlocutory appeal, we must determine whether the trial judge erred in granting Travelhost, Inc.'s request for a temporary injunction. In four issues, Scott Loye, Little Bit Productions, Inc., Jennifer Johnson, Phillip Rowe, William Rourke, Melanie Aalbers, Robert Semrow, Mark Perez, Scott Hamilton, Paul Moriarty, and Todd Olsen claim the trial judge erred in granting the temporary injunction because (i) it constituted an "advance ruling on the merits," (ii) the covenant not to compete is unenforceable, (iii) the temporary injunction enjoins Loye who is not competing with Travelhost and is overly broad in that it restrains appellants and "all those in concert or in active participation with them or any one of them," and (iv) Travelhost did not establish immediate irreparable harm. We affirm the trial court's order.

On December 3, 2002, Loye, the sole shareholder and sole director of Little Bit Productions, executed a "Distributorship Agreement" with Travelhost to distribute *Travelhost* magazines in the Bossier City and Shreveport area. Loye and Little Bit Production's office was located at 400 Travis Street, Suite 518 in Shreveport, Louisiana. Loye had at least two independent contractors assisting him in the Travelhost operation-Jennifer Graham, who provided services selling advertising and assisted in producing the publications, and Johnnie Johnson, who was the vice president of marketing. During the last week of September 2003, Loye stopped distributing the *Travelhost* magazine.

Prior to the contract with Travelhost, Loye had incorporated and served as an officer of On The Go Travel, Inc. of Louisiana and On The Go Travel, Inc. of Arkansas. In October of 2003, a new magazine,

*On the Go in the Ark–La–Tex,* began publication from the same office space occupied by the Travelhost operation. Loye testified he knew *On the Go in the Ark–La–Tex* was in the planning stages sometime in September of 2003 and he would not be surprised if 116 of the advertisements in the new magazine were the same as those contained in the *Travelhost* magazine. The new magazine is a "competitive publication" with the *Travelhost* magazine. Loye was aware that Jennifer Graham had switched advertisers from the *Travelhost* magazine to *On the Go in the Ark–La–Tex* magazine, and he had done nothing to stop her. He was further aware she had replaced the *Travelhost* magazine with the *On The Go in the Ark–La–Tex* magazine in hotels and did nothing to stop her. Loye further testified *On The Go in the Ark–La–Tex* is published by Jennifer Graham, doing business as Shelby Publishing.

In November 2003, Travelhost filed suit against Loye and Little Bit Productions, alleging various causes of action and seeking injunctive relief. Thereafter, several other parties intervened. After a hearing, the trial judge granted Travelhost's request for injunctive relief. This interlocutory appeal followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (Vernon Supp.2004–05).

We review a trial judge's order granting or denying a request for a temporary injunction under an abuse of discretion standard. *Butnaru v. Ford Motor Co.,* 84 S.W.3d 198, 204 (Tex.2002); *Walling v. Metcalfe,* 863 S.W.2d 56, 58 (Tex. 1993); *Walter v. Walter,* 127 S.W.3d 396, 398 (Tex.App.-Dallas 2004, no pet.). The reviewing court should reverse an order granting injunctive relief only if the trial judge abused his discretion in granting said relief. *Butnaru,* 84 S.W.3d at 204; *Walling,* 863 S.W.2d at 58. The reviewing court must not substitute its judgment for

that of the trial judge unless the trial judge's action was so arbitrary that it exceeded the bounds of reasonable discretion. *Butnaru*, 84 S.W.3d at 204 (citing *Johnson v. Fourth Ct. of App.*, 700 S.W.2d 916, 918 (Tex.1985)).

■ In reviewing the trial judge's decision, we draw all legitimate inferences from the evidence in the light most favorable to the trial court's judgment. *Tom James of Dallas, Inc. v. Cobb*, 109 S.W.3d 877, 883 (Tex.App.-Dallas 2003, no pet.); *Rugen v. Interactive Bus. Sys., Inc.*, 864 S.W.2d 548, 551 (Tex.App.-Dallas 1993, no writ). When the trial judge considers conflicting evidence, there can be no abuse of discretion. *Tom James*, 109 S.W.3d at 883; *Rugen*, 864 S.W.2d at 551. However, the trial judge abuses his discretion when he misapplies the law to established facts or when the evidence does not reasonably support the trial judge's determination of the existence of probable injury or probable right of recovery. *Tom James*, 109 S.W.3d at 883; *Rugen*, 864 S.W.2d at 551. We review de novo any determinations on questions of law that the trial judge made in support of the order. *Tom James*, 109 S.W.3d at 883; *see Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992) (orig.proceeding).

■ The purpose of a temporary injunction is to preserve the status quo of the litigation's subject matter pending a trial on the merits. *Butnaru*, 84 S.W.3d at 204; *Rugen*, 864 S.W.2d at 550; *Elec. Data Sys. Corp. v. Powell*, 508 S.W.2d 137, 139 (Tex.Civ.App.-Dallas 1974, no writ). To obtain a temporary injunction, the applicant must plead and prove (i) a cause of action against the defendant, (ii) a probable right to the relief sought, and (iii) a probable, imminent, and irreparable injury in the interim. *Tom James*, 109 S.W.3d at 882 (citing *Butnaru*, 84 S.W.3d at 204); *see Walling*, 863 S.W.2d at 57. Thus, the

legal issues before the trial judge at a temporary injunction hearing are whether the applicant showed a probability of success and irreparable injury; the underlying merits of the controversy are not presented. It follows that the appeal of an order granting or denying a temporary injunction based on a covenant not to compete does not present for appellate review the ultimate question of whether the covenant is enforceable under section 15.50 of the business and commerce code. *See* TEX. BUS. & COM. CODE ANN. § 15.50 (Vernon 2002). Therefore, in this case, we review only the trial judge's exercise of discretion in determining that Travelhost showed it would likely succeed on the merits of the issue at final trial. We will reverse the temporary injunction order only if we determine that the record shows the trial judge clearly abused that discretion. *See Tom James*, 109 S.W.3d at 883 (citing *Rugen*, 864 S.W.2d at 550–51).

■ In their first issue on appeal, appellants claim the trial judge erred in granting the temporary injunction because (i) there is no evidence Loye was competing with Travelhost, and (2) the order was an advance ruling on the merits of the underlying case. We disagree with both contentions.

With respect to appellants' complaint that there is no evidence Loye was competing with Travelhost, the record contains conflicting evidence. Loye testified at the temporary injunction hearing that he had previously incorporated and served as an officer of corporations with names similar to the new competing publication. *On The Go in the Ark–La–Tex* began operations shortly after Loye stopped distributing the *Travelhost* magazine, in the same office occupied by Loye and Travelhost. Loye stated he knew *On The Go in the Ark–La–Tex* was in the planning stages in September 2003, the same month he stopped dis-

tributing the *Travelhost* magazine. Loye testified *On The Go in the Ark–La–Tex* was a "competitive publication" with *Travelhost*. According to Loye, he was aware that Graham, his "independent contractor" who sold advertising and helped in producing both publications, switched advertisers from *Travelhost* to the *On The Go in the Ark–La–Tex* and that he had done nothing to stop her from doing so. He also testified he knew she replaced the *Travelhost* magazines in hotels with the *On the Go in the Ark–La–Tex* and did nothing to stop her. Loye also testified *On the Go in the Ark–La–Tex* is published by Jennifer Graham, doing business as Shelby Publishing. We are mindful that the trial judge was able to observe the witnesses and make a determination as to their credibility. Because there is some evidence that Loye and Little Bit Productions were competing with Travelhost, we cannot conclude the trial judge abused his discretion. We overrule this portion of appellants' first issue.

Next, appellants claim the trial judge abused his discretion because he made an advance ruling on the merits of the underlying case. We addressed a similar argument in *Tom James*. In that case, the parties argued the trial judge had reached the ultimate issue based on the wording in the trial court's order. *Tom James*, 109 S.W.3d at 884. After a lengthy analysis and discussion, we concluded that, regardless of how we classified the "findings" set forth in the trial court's order and "despite the breadth of the trial court's language," the ultimate issue of whether the covenant not to compete was enforceable was not before the trial judge at the temporary injunction hearing and the trial judge had not addressed the merits of the underlying case. *Tom James*, 109 S.W.3d at 884–85.

Although appellants in this case argue the language of the trial court's order makes "an affirmative ruling that the covenant is enforceable," we follow the reasoning and analysis developed in *Tom James* and look to the entire order as well as the record of the temporary injunction hearing in determining the effect of the trial judge's ruling. The trial judge's decision to grant a temporary injunction was based on the evidence presented at the temporary injunction hearing. We cannot assume this evidence will be the same as the evidence developed at a full trial on the merits. *See Tom James*, 109 S.W.3d at 885 (citing *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex.1978)). Furthermore, despite the breadth of much of the order's language, the trial judge concluded Travelhost was entitled to maintain the status quo because Travelhost appeared to be entitled to relief and had a "substantial likelihood of prevailing on the merits of its claims regarding the enforceability" of the covenant not to compete. Thus, as in the *Tom James* case, the trial judge did not reach the ultimate issues in the case. We overrule appellants' first issue.

In their second issue, appellants claim the covenant not to compete is unenforceable as a matter of law. Because the issue of whether the covenant not to compete is enforceable must await a final judgment on the merits, we decline to address appellants' second issue. *See Tom James*, 109 S.W.3d at 885 ("Despite our de novo review of legal issues related to the trial court's decision on the application for temporary injunction, the trial court did not, and we do not, reach the ultimate issue of the enforceability of the non-compete agreements. That issue awaits a final judgment on the merits, such as a final judgment entered after a jury or bench trial or a hearing on a motion for summary judgment."). We overrule appellants' second issue.

In their third issue, appellants contend the judge erred in granting the temporary injunction because the language of the injunction is overly broad, restraining appellants and "all those in concert or in active participation with them or any one of them." Under this argument, appellants complain the relief granted in the temporary injunction order "clearly exceeds the relief requested by Travelhost." Appellants also claim the temporary injunction has "serious due process implications" because people who actively participate with a representative of Little Bit Productions would be covered by the injunction without having a "chance to contest that restraint on their livelihood."

■ Initially, we note that appellants did not raise a due process challenge below. Thus, to the extent they attempt to raise it on appeal, we conclude it has been waived. *See Catalina Dev., Inc. v. County of El Paso*, 121 S.W.3d 704, 707 (Tex.2003) (concluding appellant waived certain complaints for failure to raise them below). Regarding the language of the order, we conclude appellants' complaint lacks merit. In its original petition, Travelhost requested temporary injunctive relief against "Defendants, jointly and severally, and all those in active convert or participation with them." In its motion for temporary injunction, Travelhost moved for injunctive relief against appellants, including their officers, directors, employees, and agents and "all those acting in concert or active participation with them." The language of rule 683 of the rules of civil procedure provides that orders granting injunctive relief are "binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and *upon those*

*person in active concert or participation with them* who receive actual notice of the order by personal service or otherwise." TEX. R. CIV. P. 683 (emphasis added). Thus, the language of the order tracks the relief requested as well as that permitted under rule 683. To the extent appellants argue the addition of the phrase "or any one of them" expands the scope of the order to a class of persons beyond the scope of the rule, we disagree. By adding the phrase "or any one of them," the order simply refers to the parties named in the rule singularly as well as collectively. We overrule appellants' third issue.

■ In their final issue, appellants argue the trial judge abused his discretion in granting the temporary injunction because Travelhost failed to establish immediate irreparable harm.[1] Specifically, appellants argue Travelhost's evidence established the damages could be calculated and, therefore, there is an adequate remedy at law. We disagree.

■ No adequate remedy at law exists if damages are incapable of calculation or if a defendant is incapable of responding in damages. *Hilb, Rogal & Hamilton Co. of Tex. v. Wurzman*, 861 S.W.2d 30, 32 (Tex.App.-Dallas 1993, no writ); *Recon Exploration, Inc. v. Hodges*, 798 S.W.2d 848, 851 (Tex.App.-Dallas 1990, no writ); *R.H. Sanders Corp. v. Haves*, 541 S.W.2d 262, 265 (Tex.Civ.App.-Dallas 1976, no writ). A plaintiff does not have an adequate remedy at law if the defendant is insolvent. *Tel. Equip. Network, Inc. v. TA/Westchase Place, Ltd.*, 80 S.W.3d 601, 611 (Tex.App.-Houston [1st Dist.] 2002, no pet.); *Blackthorne v. Bellush*, 61 S.W.3d 439, 444 (Tex.App.-San Antonio 2001, no pet.); *Surko Enter., Inc.*

---

1. Under their fourth issue, appellants also argue Travelhost did not show a probable right to relief. In support of this complaint, appellants refer us to their discussion in issues one and two. Likewise, we refer to our previous discussion of this issue-in which we concluded appellants' issues were meritless-and do not revisit it here.

*v. Borg–Warner Acceptance Corp.,* 782 S.W.2d 223, 225 (Tex.App.-Houston [1st Dist.] 1989, no writ).

During the hearing, Loye testified Little Bit Productions has no assets. Additionally, he testified he transferred his personal assets to his wife fifteen years before the temporary injunction hearing. According to Loye, the only assets he had to satisfy any judgment rendered against him or Little Bit Productions were a 1990 Dodge Caravan, some cash, and personal items such as clothing and a watch. In light of this testimony, we cannot conclude the trial judge abused his discretion in concluding Travelhost had no adequate remedy law.

Finally, appellants claim Travelhost cannot claim imminent injury when it delayed two months in filing its motion for temporary injunction. Because appellants cite no authority for their proposition and do not provide any record cites in support of their complaints, we conclude this argument is waived. *See* TEX. R.APP. P.38.1(h) (brief to court of appeals shall contain, among other things, "a clear and concise argument for the contentions made, with appropriate citations to authorities and the record."); *Trenholm v. Ratcliff,* 646 S.W.2d 927, 934 (Tex.1983); *see also McIntyre v. Wilson,* 50 S.W.3d 674, 682 (Tex.App.-Dallas 2001, pet. denied) (appellant who offered no legal analysis and cited only generally to law review article failed to adequately brief ground raised). We overrule appellants' fourth issue.

We affirm the trial court's order.