NO. 07-03-0129-CR


NO. 07-03-0130-CR





IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MARCH 29, 2005



______________________________




TIMOTHY LAWRENCE MOORE, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;



NOS. 32,672-C & 32,670-C; HONORABLE PATRICK A. PIRTLE, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Pursuant to pleas of guilty, on May 9, 1997, appellant was granted deferred
adjudication in cause number 32,672-C for burglary of a habitation and in cause number
32,670 for aggravated robbery and placed on community supervision for six years and ten
years plus $2000 restitution, respectively. After hearing evidence on the State's amended
motions to proceed with adjudications of guilt, on January 17, 2003, the trial court
adjudicated appellant guilty of both offenses and punishment was assessed at 40 years
confinement.

 The clerk's records in these appeals reflect that the trial court entered certifications
of defendant's right to appeal in which it certified these cases were plea bargain cases with
no right of appeal. By letter dated February 28, 2005, this Court notified appellant's
counsel that the certifications indicate no right of appeal and requested a response by
March 15, 2005, noting that failure to file amended certifications showing a right of appeal
or failure to provide other grounds for continuing the appeals would result in dismissal. See
Tex. R. App. 25.2(a)(2) & (d); Stowe v. State, 124 S.W.3d 228, 232 (Tex.App.-El Paso
2003, no pet.). Counsel did not respond and no amended certifications indicating a right
to appeal have been filed in a supplemental record. Thus, we dismiss these appeals.

 Accordingly, these appeals are dismissed.

 Don H. Reavis

 Justice



Do not publish.



n the geographic area as set forth in the
attached Schedule of Terms. 


 The Schedule of Terms alluded to specified that Smith was to be compensated
$3000 and that the geographic boundaries mentioned were "[a]ll counties in which
Livingston Hearing Aid Center, Inc., operates, including, but not limited to: Lubbock County,
Texas, and contiguous areas[,] Ector County, Texas, and contiguous areas[,] Potter
County, Texas[,] Randall County, Texas [and] Curry County, New Mexico[.]"

 Smith worked for Livingston dispensing hearing aids for a short while. However, she
left its employ and began working for another entity involved in similar business. Livingston
discovered this and sued to enforce the covenant. The relief sought consisted of, among
other things, a temporary injunction. The latter was granted, and the trial court temporarily
enjoined her from 

 engaging or having a material interest, as owner, employee, officer, director,
partner, sales representative, renderer of consultation services or advice, in
the testing of hearing, or in the sale or service of hearing aids or hearing
devices, within the city of Lubbock and a distance of seventy-five (75) miles
from the city of Lubbock, and within Scurry County, Texas. 


From that order, Smith appealed.

 


 Issue One

 Smith initially contends that the trial court abused its discretion in granting the
preliminary relief because the underlying covenant not to compete was "clearly
unenforceable." In effort to explain why it was unenforceable, she posits that it had to
"meet certain statutory requirements" expressed in §15.50 of the Texas Business and
Commerce Code. It did not, she continued, because 1) "there is no 'otherwise enforceable
agreement' to which the covenant . . . is included," 2) "the covenant . . . is not 'ancillary to'
the agreement," and 3) "no consideration was given 'at the time' the agreement was
made." Given the tenor of her arguments, one readily sees that Smith asks us to resolve,
via an appeal from an order granting a temporary injunction, the ultimate question of
whether the covenant is enforceable under §15.50. Yet, that is not something we can do
via the procedure involved for the merits of the case are not implicated when one petitions
for a temporary injunction. Reach Group L.L.C. v. Angelina Group, 173 S.W.3d 834, 837
(Tex. App.-Houston [14th Dist.] 2005, no pet.) (stating that at a temporary injunction
hearing the ultimate merits of the case are not at issue); Tom James of Dallas, Inc. v.
Cobb, 109 S.W.3d 877, 882-83 (Tex. App.-Dallas 2003, no pet.) (stating that "any appeal
of an order granting or denying a temporary injunction based on a covenant not to compete
does not present for appellate review the ultimate question of whether the covenant is
enforceable under section 15.50 of the business and commerce code"); accord Loye v.
Travelhost, Inc., 156 S.W.3d 615, 620 (Tex. App.-Dallas 2004, no pet.) (declining to
address, via an appeal from an order granting a temporary injunction, the validity of the
covenant not to compete). In other words, at a temporary injunction hearing, the trial court
is to assess whether the applicant has a probable right to the relief sought and faces a
probable risk of imminent and irreparable injury if preliminary relief is not granted. Tom
James of Dallas, Inc. v. Cobb, 109 S.W.3d at 882. The trial court is not to resolve the
ultimate merits of the controversy. Reach Group L.L.C. v. Angelina Group, 173 S.W.3d
at 837; Tom James of Dallas, Inc. v. Cobb, 109 S.W.3d at 882. So, if the trial court cannot
use the interim procedure to resolve the merits of the underlying claim, neither can the
reviewing court. Tom James of Dallas, Inc. v. Cobb, 109 S.W.3d at 882-83. 

 In sum, by arguing that the covenant at bar fails to comport with §15.50 of the
Business and Commerce Code, Smith posits a contention which we cannot permissibly
resolve via an appeal from an order granting a temporary injunction. Tom James of Dallas,
Inc. v. Cobb, supra; Reach Group L.L.C. v. Angelina Group, supra. Its resolution must
await the entry of a final judgment on the merits. Loye v. Travelhost, Inc., 156 S.W.3d at
620. Consequently, her first issue is overruled.

 Issue Two

 Through her second issue, Smith addresses the scope of relief granted by the trial
court. That is, she poses the question of "whether the limitations to time, geographical
area, and scope of activity [contained in the covenant] are reasonable and do not impose
a greater restraint than is necessary to protect the goodwill or other business interest of the
employer." As posed, the argument again presents us with the task of assessing the
validity of the covenant and the merits of the suit. And, for the same reasons expressed
under issue one, that task is not one that we can permissibly assume. 

 Again, all must remember that in granting a temporary injunction, the trial court
simply attempts to maintain the status quo until the cause can be tried on its merits. 
Butnaru v. Ford Motor Co., 84 S.W.3d 198, 204 (Tex. 2002). Left for another day is the
matter of whether the claims underlying the suit have merit. So, in granting a temporary
injunction, the trial court at bar was not declaring that the covenant at issue was valid. It
simply sought to maintain the status quo. 

 Yet, we do note that the relief ordered was not that expressed in the contract
between Smith and Livingston. Through the latter, Smith purported to refrain from
competing in "[a]ll counties in which Livingston Hearing Aid Center, Inc., operates,
including, but not limited to: Lubbock County, Texas, and contiguous areas[,] Ector County,
Texas, and contiguous areas[,] Potter County, Texas[,] Randall County, Texas [and] Curry
County, New Mexico[.]" Moreover, the trial court enjoined her from competing "within the
city of Lubbock and a distance of seventy-five (75) miles from the city of Lubbock, and
within Scurry County, Texas." We take judicial notice of the fact that a 75-mile radius
around the City of Lubbock may encompass counties that are not "contiguous" with that
city. Nonetheless, evidence appears of record suggesting that the area within which
Livingston marketed its services comprised "about 90 miles" around Lubbock. 
Furthermore, Smith testified that she treated patients who resided within 75 miles from
Lubbock. So, one could reasonably deduce that the company operated within that 90-mile
range as represented by Livingston. (1) Additionally, the status quo existent between the
parties before Smith allegedly breached the covenant encompassed the requirement that
she not compete within the territory wherein Livingston operated. There being evidence
that such territory equated to a 90-mile perimeter around Lubbock, we reject her contention
that the trial court somehow abused its discretion to her detriment by simply restraining her
from competing within a 75-mile radius. See In re Sanders, 159 S.W.3d 797, 800 (Tex.
App.-Amarillo 2005, no pet.) (holding that a trial court abuses its discretion when its
decision fails to comport with controlling guidelines or principles or lacks evidentiary
support). 

 Issue Three

 The third issue raised by Smith involves her recovery of attorney's fees. 
Furthermore, it is founded upon the proposition that the covenant, or aspects of it, was, or
were, invalid or otherwise unenforceable. Because we have not so held, the issue is
premature and, therefore, overruled. 

 We feel confident in the trial court's understanding of the interlocutory nature of the
relief granted and the need to address the ultimate merits of the dispute via a timely trial. 
With this in mind, we affirm the order granting the temporary injunction. 


 Brian Quinn

 Chief Justice

1. Evidence appears of record indicating that Scurry County lies within 90 miles of Lubbock.