**Affirm in part; Reverse and Remand in part; Opinion Filed December 18, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-00384-CV

### TINA WHITE, Appellant
### V.
### IMPACT FLOORS OF TEXAS, LP AND IFT, INC., ITS GENERAL PARTNER, Appellees

On Appeal from the 14th Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-18-00919

## MEMORANDUM OPINION

Before Justices Stoddart, Whitehill, and Boatright
Opinion by Justice Stoddart

This is an interlocutory appeal from a temporary injunction granted in favor of Impact Floors of Texas, LP and ITF, Inc. based on provisions in an employment agreement between Impact Floors and Tina White. In six issues, White asserts the injunction is void because it fails to comply with Texas Rule of Civil Procedure 683, and the injunction was improperly entered because the non-compete provision does not contain a lawful geographical limitation, Impact Floors failed to meet its burden to show it is entitled to a temporary injunction, Impact Floors failed to join a necessary party, and the non-compete provision was not ancillary to an otherwise enforceable contract. We reverse numbered paragraph (1) of the order, which prohibits White from disclosing Impact Floors' "Confidential Information" and remand that issue to the trial court for further proceedings. In all other respects, we affirm the trial court's order.

FACTUAL BACKGROUND

White worked for Impact Floors for fourteen years. Her final position was the Executive Vice President of Corporate Sales. In that capacity, she called on corporate clients to obtain new business and manage existing accounts in the Dallas-Fort Worth area, including surrounding counties. White also worked with executive vice presidents in other geographic regions and she received their "call reports," which detailed sales intelligence, marketing opportunities, and market weaknesses. She was familiar with pricing information given to some of Impact Floors' customers in Austin and Houston. To facilitate her job functions, White received frequently-updated information about pricing, rebates, and product usage, which is information that should not be shared with competitors. She also received customer lists. A list of customers White managed was admitted as an exhibit at the temporary injunction hearing.

In April 2016, White signed an Employment Agreement with Impact Floors. She resigned from Impact Floors in December 2017. After her departure, she exchanged text messages with some former customers. As part of a conversation, one former customer texted White: "Not moving forward with Impact." White interpreted that statement to mean the customer did not intend to place further orders with Impact Floors. She testified that after she left, she did not provide any confidential information, price list, sales list, or other information from Impact Floors to any competitor. She has not "lured any clients away" from Impact Floors.

Jeffrey Don Melton, Director of National Accounts for Ready Carpet, a competitor to Impact Floors, talked to White in December 2017 before she left Impact Floors. White said she was looking for a new job and they discussed the possibility she could work for Ready Carpet. Melton testified White tried to "sell what she could do for Ready Carpet." She said she could bring businesses to Ready Carpet because she has good industry contacts and a substantial customer base. White told Melton she had a non-compete agreement with Impact Floors, but

suggested she could work in a location other than Dallas for a few years. White indicated she could "still bring certain key national or large customers over to Ready Carpet." She also suggested she could bring employees from Impact Floors with her. During the call, she may have identified her top customers.

Brenda Carpenter works for McMahan's Flooring (MFI), a competitor to Impact Floors in "most markets," including Dallas, Austin, and Houston. After learning from a third party that White left Impact Floors, Carpenter contacted White. Carpenter interviewed White on December 23, 2017. After interviewing with multiple companies, White joined MFI as the Director of Sales for Austin and Houston on January 23, 2018. She told MFI about the non-compete agreement, and she has not provided MFI with any confidential information.

Pace Realty Corporation, a management company, was one of White's customers when she worked for Impact Floors. On January 9, 2018, Pace Realty sent a request for bid to MFI and MFI responded the following day. MFI was notified it won the bid on January 19. MFI attempted to win business from Pace Realty in 2013, 2014, and 216; MFI's bids were not solicited in 2016 or 2107. Emails from June 2017 indicate MFI believed it was starting to make progress toward winning business from Pace Realty.

Following a hearing, the trial court entered a temporary injunction. The injunction states that unless it is granted, irreparable injury to Impact Floors is imminent because White "may, directly or through others, solicit, contact, or call upon, customers of [Impact Floors] in violation of the Employment Agreement . . .." The injunction enjoins White from:

1. Directly or indirectly, by herself or through others, soliciting, contacting, or calling upon, or directly or indirectly assisting any other person or entity to solicit, contact, or call upon any of the entities listed on Exhibit A[1] attached hereto during the pendency of this action. . . .

---

[1] A list of customers is attached to the trial court's order as Exhibit A.

–3–

2. Directly or indirectly through others disclosing to any person or entity any Confidential Information (as defined in paragraph 5.1 of the 2016 Employment Agreement) of [Impact Floors] or its parent companies, subsidiaries, or affiliates, that was acquired or developed by White while she was employed by [Impact Floors].[2]

This appeal followed.

LAW & ANALYSIS

A temporary injunction's purpose is to preserve the status quo of the litigation's subject matter pending a trial on the merits. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). It is an extraordinary remedy and does not issue as a matter of right. *Id.*

**A. Rule 683**

In her first issue, White argues the temporary injunction is void because it fails to comply with the mandatory requirements of rule 683. *See* TEX. R. CIV. P. 683. In relevant part, rule of civil procedure 683 requires every order granting a temporary injunction to state the reasons for its issuance, be specific in terms, and describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained. TEX. R. CIV. P. 683; *El Tacaso, Inc. v. Jireh Star, Inc.*, 356 S.W.3d 740, 744 (Tex. App.—Dallas 2011, no pet.); *4415 W Lovers Lane, LLC v. Stanton*, No. 05-17-01363-CV, 2018 WL 3387384, at *3 (Tex. App.—Dallas July 12, 2018, no pet.) (mem. op.). A trial court's order stating its reasons for granting a temporary injunction must be specific and legally sufficient on its face and not merely conclusory. *El Tacaso*, 356 S.W.3d at 744. To comply with rule 683, a trial court must set out in the temporary injunction order the reasons the court deems it proper to issue the injunction, including the reasons why the applicant will suffer injury if the injunctive relief is not ordered. *Id.* The requirements of rule of civil procedure 683 are mandatory and must be strictly followed. *Id.* at 745. If a temporary

---

[2] We will refer to this paragraph as the "Confidential Information Provision."

–4–

injunction order fails to comply with the mandatory requirements of rule of civil procedure 683, it is void. *Id.*

White asserts the order is void because the Confidential Information Provision references the Employment Agreement to provide the definition of Confidential Information rather than stating within the order what information White is enjoined from disclosing. The Confidential Information Provision states White may not disclose Confidential Information "as defined in paragraph 5.1 of the 2016 Employment Agreement." That definition is not included in the order and the Employment Agreement is not an exhibit. Because rule 683 requires every order granting a temporary injunction to, among other things, describe in reasonable detail and not by reference to the complaint or other document the act or acts sought to be restrained, and the injunction does not include the language of paragraph 5.1 from the Employment Agreement, we agree it does not comply with rule 683 in this respect. Although White requests we dissolve the injunction on account of this failure, in prior cases we have reversed the portion of the order that lacked specificity and remanded to the trial court for further proceedings. *See McCaskill v. Nat'l Circuit Assembly*, No. 05-17-01289-CV, 2018 WL 3154616, at *4 (Tex. App.—Dallas June 28, 2018, no pet.) (mem. op.) (citing *Computek Computer & Office Supplies, Inc. v. Walton*, 156 S.W.3d 217, 224 (Tex. App.—Dallas 2005, no pet.)). We find it appropriate to do the same here as to the Confidential Information Provision. We sustain White's first issue to this extent.

White further argues the order is void because it makes conclusory statements that Impact Floors met its evidentiary burden of showing a probable right to recovery and probable injury "without stating in the Order one concrete fact to support the conclusory statements." Further, the order states the conclusion that irreparable injury is imminent because White may violate the Employment Agreement, not because she has or will violate it. These concerns do not fall within the ambit of rule 683, but rather are related to what the applicant for a temporary injunction must

plead and prove. *Compare Butnaru*, 84 S.W.3d at 204 (stating what an applicant for a temporary injunction must plead and prove) *with* TEX. R. CIV. P. 683 (providing form and scope of injunction). White raises these concerns again in her third and fourth issues and we address them there. We overrule White's first issue to this extent.

## B. Geographic Limitation

In her second issue, White argues the injunction was improperly entered because the non-compete provision in the Employment Agreement does not contain a lawful geographic limitation, making it overly broad and unenforceable as written. The temporary injunction states the Employment Agreement includes a covenant not to compete, a covenant not to disclose confidential information, and a non-solicitation of customers clause. The trial court only enjoined White from soliciting customers and disclosing confidential information. The trial court did not enjoin White pursuant to the non-compete provision. Because the injunction does not seek to enforce the non-compete provision of the Employment Agreement, which is the provision about which White complains, we conclude White's second issue presents nothing for our review.

## C. Sufficiency of Evidence

In her third and fourth issues, White argues the trial court erred by entering the injunction because Impact Floors failed to meet its burden to produce sufficient evidence to support each essential element to be granted a temporary injunction. To obtain a temporary injunction, the applicant must plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *Butnaru*, 84 S.W.3d at 204.

The decision to grant or deny a temporary injunction is within the trial court's discretion, and we will not reverse that decision absent an abuse of discretion. *See id.* We do not substitute our judgment for the trial court's judgment unless the trial court's action was so arbitrary that it

exceeded the bounds of reasonable discretion. *See id.* When reviewing the trial court's decision, we draw all legitimate inferences from the evidence in the light most favorable to the trial court's judgment. *BM Med. Mgmt. Serv., LLC v. Turner*, No. 05-16-00670-CV, 2017 WL 85423, at *3 (Tex. App.—Dallas Jan. 10, 2017, no pet.) (mem. op.) (citing *Marketshare Telecom, L.L.C. v. Ericsson, Inc.*, 198 S.W.3d 908, 916 (Tex. App.—Dallas 2006, no pet.)). The trial court does not abuse its discretion by making a decision based on conflicting evidence. *Id.* (citing *Ericsson*, 198 S.W.3d at 916). However, the trial court does abuse its discretion when it misapplies the law to established facts or when the evidence does not reasonably support the trial court's determination of the existence of probable injury or probable right of recovery. *Id.* (citing *Ericsson*, 198 S.W.3d at 916).

First, Impact Floors was required to show it had a cause of action against White. *See Butnaru*, 84 S.W.3d at 204. Impact Floors asserted claims for, among other things, breach of contract, breach of confidentiality clause, breach of covenant not to compete or solicit Impact Floors' customers, breach of fiduciary duty, trade secret misappropriation, and tortious interference with prospective relations. Based on our review of Impact Floors' original counter-petition, we conclude it asserted several valid legal theories.

The second element is a probable right to the relief sought. *See id.* Impact Floors was required to offer evidence tending to support the right to recover on the merits of one of its causes of action. *See Miller v. Talley Dunn Gallery, LLC*, No. 05-15-00444-CV, 2016 WL 836775, at *8 (Tex. App.—Dallas Mar. 3, 2016, no pet.) (mem. op.) (citing *Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993) (per curiam); *Dallas Anesthesiology Assocs., P.A. v. Tex. Anesthesia Grp., P.A.*, 190 S.W.3d 891, 896–97 (Tex. App.—Dallas 2006, no pet.) ("A probable right to recover may be proven by alleging the existence of a right and presenting evidence tending to show that right is being denied.")). Impact Floors was not required to establish it will prevail on final trial because

the ultimate merits of the case were not before the trial court. *See id.* (citing *Walling*, 863 S.W.2d at 58; *Graham Mortg. Corp. v. Hall*, 307 S.W.3d 472, 477 (Tex. App.—Dallas 2010, no pet.). Rather, the question before the trial court was whether Impact Floors was entitled to preservation of the status quo pending trial on the merits. *See id.* (citing *Walling*, 863 S.W.2d at 58).

The record shows White was an executive at Impact Floors who developed relationships with corporate clients primarily in the Dallas-Fort Worth area, but also in other parts of Texas to support other employees. As part of her job, she received frequently-updated information about pricing, rebates, and product usage; customer lists; and call reports detailing sales intelligence, marketing opportunities, and market weaknesses. When she spoke to Melton at Ready Carpet before her departure from Impact Floors, she tried to "sell what she could do for Ready Carpet." She said she could bring businesses, including "key national or large customers," to Ready Carpet because she has good industry contacts and a substantial customer base. She may have identified her top customers to him. She also suggested she could bring employees from Impact Floors with her.

White accepted a position with MFI. At approximately the same time MFI was talking to White about joining the company, MFI won a bid with Pace Realty. Prior to 2018, MFI had unsuccessfully attempted to win business from Pace Realty and had failed for five years. Pace Realty had been one of White's customers at Impact Floors. Additionally, after receiving a text message from White following her departure from Impact Floors, one customer stated it was "[n]ot moving forward with Impact," which White interpreted to mean the customer did not intend to place further orders with Impact Floors.

Reviewing the evidence in the light most favorable to the trial court's order and indulging every reasonable inference in its favor, we cannot say the trial court abused its discretion by

concluding Impact Floors met its burden to show a probable right to recovery. We overrule White's third issue.

In her fourth issue, White asserts Impact Floors failed to produce any evidence that its damages were difficult or impossible to calculate or that White could not satisfy the money judgment sought. An injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard. *Butnaru*, 84 S.W.3d at 204. To demonstrate probable injury or harm, an applicant must show an injury for which there can be no real legal measure of damages or none that can be determined with a sufficient degree of certainty. *Turner*, 2017 WL 85423, at *2 (citing *Ericsson*, 198 S.W.3d at 925–26). "[T]he use of confidential information to gain access to customers of a competitor is a recognized ground for injunctive relief because of the difficulty of establishing the amount of damages." *HMS Holdings Corp. v. Pub. Consulting Group, Inc.*, No. 05-15-00925-CV, 2016 WL 1179436, at *3 (Tex. App.—Dallas Mar. 28, 2016, no pet.) (mem. op.) (citing *Keystone Life Ins. Co. v. Marketing Mgmt., Inc.*, 687 S.W.2d 89, 92 (Tex. App.—Dallas 1985, no writ.)); *see also Miller*, 2016 WL 836775, at *6 (citing *Dickerson v. Acadian Cypress & Hardwoods, Inc.*, No. 09–13–00299–CV, 2014 WL 1400659, at *5 (Tex. App.—Beaumont Apr. 2014, no pet.) (mem. op.) (impact of interruption of relationships with clients is difficult, if not impossible, to fully measure)). Additionally, "injunctive relief is a proper remedy to protect confidential information and trade secrets." *HMS Holdings Corp.*, 2016 WL 1179436, at *3 (citing *Rugen v. Interactive Bus. Sys., Inc.*, 864 S.W.2d 548, 551 (Tex. App.—Dallas 1993, no writ.)).

Impact Floors pleaded that it had no adequate remedy at law because the damages caused by White's use of its confidential information are difficult to calculate due to the uncertainty of its lost profits. Testimony at the hearing showed White had confidential information from Impact Floors that she could use to gain access to customers for the benefit of MFI. Viewing the evidence

in the light most favorable to the trial court's order and indulging every reasonable inference in its favor, some evidence reasonably supports the trial court's conclusion of probable imminent and irreparable harm that Impact Floors will suffer if injunctive relief is not granted. We overrule White's fourth issue.

### D. Joining MFI

In her fifth issue, White argues the injunction was improperly entered because appellees failed to join MFI, a necessary party. The record does not show White raised this issue in the trial court. Therefore, we conclude she did not preserve the argument for appeal. *See* TEX. R. APP. P. 33.1 (a).

### E. Contract Enforceability

In her sixth issue, White argues the temporary injunction was improperly entered because the non-compete provision was not ancillary to an otherwise enforceable contract and was not supported by new consideration. The legal issues before a trial court at a temporary injunction hearing are whether the applicant showed a probability of success and irreparable injury; the underlying merits of the controversy are not presented. *Loye v. Travelhost, Inc.*, 156 S.W.3d 615, 619 (Tex. App.—Dallas 2004, no pet.); *Tom James of Dallas, Inc. v. Cobb*, 109 S.W.3d 877, 882 (Tex. App.—Dallas 2003, no pet.). At a temporary injunction hearing, the trial court does not address the ultimate issue of whether a covenant not to compete is enforceable under section 15.50. *Tom James*, 109 S.W.3d at 882-83. "It follows that the appeal of an order granting or denying a temporary injunction based on a covenant not to compete does not present for appellate review the ultimate question of whether the covenant is enforceable under section 15.50 of the business and commerce code." *Loye*, 156 S.W.3d at 619 (citing TEX. BUS. & COM. CODE ANN. § 15.50). A determination of "[t]hat issue awaits a final judgment on the merits, such as a final judgment

–10–

entered after a jury or bench trial or a hearing on a motion for summary judgment." *Tom James*, 109 S.W.3d at 885.

We will not consider whether the non-compete provision in the Employment Agreement is ancillary to an otherwise enforceable contract or supported by new consideration. That determination must await a final judgment on the merits. We overrule White's sixth issue.

CONCLUSION

We reverse numbered paragraph (1) of the order, which prohibits White from disclosing Impact Floors' "Confidential Information" and remand that issue to the trial court for further proceedings. In all other respects, we affirm the trial court's order.

/Craig Stoddart/
CRAIG STODDART
JUSTICE

180384F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TINA WHITE, Appellant

No. 05-18-00384-CV     V.

IMPACT FLOORS OF TEXAS, LP AND
IFT, INC., ITS GENERAL PARTNER,
Appellees

On Appeal from the 14th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-18-00919.
Opinion delivered by Justice Stoddart.
Justices Whitehill and Boatright
participating.

In accordance with this Court's opinion of this date, the March 15, 2018 order for issuance of temporary injunction ("Order") of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's Order which prohibits appellant Tina White from disclosing the "Confidential Information" of appellee Impact Floors of Texas, LP.  In all other respects, the trial court's Order is **AFFIRMED**. We **REMAND** this cause to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 18th day of December, 2018.

–12–