**Affirmed in Part, Reversed and Remanded in Part and Opinion Filed January 23, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-01160-CV

**RICHARD GEHRKE AND PACIFIC COMPANIES, INC., Appellants**
**V.**
**MERRITT HAWKINS AND ASSOCIATES, LLC, Appellee**

**On Appeal from the 298th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-09562**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Richter,[1] and Justice Rosenberg[2]
Opinion by Justice Richter

This interlocutory appeal arises from the entry of a temporary injunction enjoining Richard Gehrke from competing with his former employer, Merritt Hawkins and Associates, LLC (MHA). Gehrke and his current employer, Pacific Companies, Inc. (Pacific), raise two issues generally arguing the trial court abused its discretion by enforcing the covenant not to compete. MHA cross-appeals arguing the trial court arbitrarily narrowed the covenant's geographic restraint. Because we conclude the injunction's geographic restraint was arbitrary and too narrow, we affirm in part and reverse and remand in part.

---

[1] The Hon. Martin Richter, Justice of the Court of Appeals for the Fifth District of Texas at Dallas, Retired, sitting by assignment.

[2] The Hon. Barbara Rosenberg, former Justice of the Court of Appeals for the Fifth District of Texas at Dallas, sitting by assignment.

**BACKGROUND**

MHA, a national physician recruiting and placement firm, makes temporary and permanent physician placements for healthcare facilities. MHA developed and protected confidential business information, proprietary information, and trade secrets necessary to its successful operation. In 2013, Gehrke began his employment as a salesman, executive, and regional vice president supervising other salesmen in MHA's sales and marketing departments. In his assigned territories, Gehrke oversaw all sales operations and client and prospective client management. Because Gehrke needed MHA's confidential business information to perform his job, MHA required him to enter into a confidentiality agreement (the Confidentiality Agreement) that prohibited him from using the information to compete with MHA within a distinct geographic territory[3] or soliciting MHA actual or prospective clients for eighteen months following his separation from MHA. Gehrke signed the Confidentiality Agreement. During his employment, Gehrke gained access to and learned MHA's confidential business information and trade secrets, including business development strategies, business plans, customer lists, marketing and sales strategies, margins, prices, and costs. He also developed substantial relationships with MHA's clients and key client contacts.

MHA terminated Gehrke's employment in May 2018 when it discovered he had disseminated confidential information. In his final year of employment, Gehrke worked in, was responsible for, and knew MHA's confidential business information–including client lists, contracts, pricing, and business strategies–for Missouri, Arkansas, Illinois, Colorado, and Southern California. In June 2018, Gehrke began working for Pacific, a competitor of MHA, and contacted "numerous [MHA] customers with whom he previously worked while at MHA." Further, Pacific

___

[3] The agreement prohibited Gehrke from competing within "all or a portion of the geographic territories for which [he] had direct or indirect responsibility during the 12 months prior to [his] termination of employment."

assigned Gehrke to work in the same states he had worked during his last year at MHA. MHA sued Gehrke and Pacific and requested injunctive relief. After a three-day temporary injunction hearing, the trial court issued a temporary injunction that enjoined Gehrke from, among other things:

> Until January 24, 2020, directly or indirectly, performing any services of the same, similar, or greater nature to those performed by Gehrke during his employment at Merritt Hawkins for a competitor of Merritt Hawkins **in the states of Colorado, Kansas, Nebraska, Oklahoma, and southern California, and within a ten (10) mile radius of the customers and prospects set forth on the customer list referenced in the preceding paragraph.** For purposes of clarity, the services that Gehrke may not perform pursuant to this paragraph include recruiting or providing permanent healthcare placements or staffing services to healthcare facilities or organizations.

(emphasis added). This interlocutory appeal, which focuses solely on the quoted provision, followed.[4]

## DISCUSSION

### I.     Standard of Review Controlling Temporary Injunctions

A temporary injunction is an extraordinary remedy granted to preserve the status quo pending a trial on the merits. *Butnaru v. Ford Motor Co.,* 84 S.W.3d 198, 204 (Tex. 2002). We review a temporary injunction for abuse of discretion, *id.*, and reverse only if the trial court acted arbitrarily, unreasonably, or "without reference to any guiding rules and principles." *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). The trial court abuses its discretion if (i) it misapplies the law to established facts or (ii) the evidence does not reasonably support the court's determinations as to probable right of recovery or probable injury. *Loye v. Travelhost, Inc.,* 156 S.W.3d 615, 619 (Tex. App.—Dallas 2004, no pet.). No abuse of discretion exists if some evidence reasonably supports the trial court's decision. *Butnaru*, 84 S.W.3d at 211. Further, the trial court does not abuse its discretion when it makes a decision based on conflicting

---

[4] Although this appeal was accelerated, at the parties' request, submission and oral argument were postponed four times.

evidence. *Loye*, 156 S.W.3d at 619. We draw all legitimate inferences from the evidence in the light most favorable to the order and review any legal determinations de novo. *Id.*

## II.     Enforceability of Covenants Not to Compete

Enforcement of a covenant not to compete turns on its reasonableness. *Marsh United States, Inc. v. Cook*, 354 S.W.3d 764, 777 (Tex. 2010). Whether a covenant is reasonable presents a question of law. *Zep Mfg. Co. v. Harthcock*, 824 S.W.2d 654, 660 (Tex. App.—Dallas 1992, no writ). An enforceable covenant not to compete must contain reasonable limitations "as to time, geographical area, and scope of activity to be restrained" without "impos[ing] a greater restraint than is necessary to protect the goodwill or business interest" of the employer for whose benefit the restraint is imposed. TEX. BUS. & COM. CODE ANN. § 15.50(a); *Zep Mfg. Co.*, 824 S.W.2d at 660. As such, an industry-wide exclusion from subsequent employment is unreasonable. *Haass*, 818 S.W.2d at 386-88 (Tex. 1991). "Business goodwill, confidential or proprietary information, trade secrets, customer information, and specialized training" are interests worthy of protection by a non-compete agreement. *Neurodiagnostic Tex, L.L.C. v. Pierce*, 506 S.W.3d 153, 164 (Tex. App.—Tyler 2016, no pet.). Additionally, "a restrictive covenant must bear some relation to the activities of the employee." *Peat Marwick Main & Co. v. Haass*, 818 S.W.2d 381, 387 (Tex. 1991) (internal quotations omitted).

### A.     Enforcement of Non-Solicitation Restrictions

Because disposition of appellants' second issue also governs, to some extent, disposition of their first, we consider it first. In their second issue, Gehrke and Pacific contend the temporary injunction is void as a matter of law and unenforceable because, regardless of whether the restriction is a ten-mile radius around existing clients or state-wide, it prevents Gehrke from soliciting clients with whom he had no dealings during his employment with MHA. Appellants

also argue the injunction is unreasonable because it prevents Gehrke from soliciting academic and temporary physician placements.

Covenants not to compete prohibiting solicitation of clients with whom a former salesman had no dealings are unreasonable and unenforceable. *Haass*, 818 S.W.2d at 386-88 (Tex. 1991). In *Haass*, the Texas Supreme Court held a restriction that prevented an employee from soliciting any of the employer's customers worldwide, including those with whom he had no dealings during his employment, was unreasonable because it was not reasonably necessary to protect the employer's business interest of preventing the employee from taking his clients with him to a competitor. *Id.* at 387-88. However, when an employer seeks to protect its confidential business information in addition to its customer relations, broad non-solicitation restrictions are reasonable. *See Accruent, LLC v. Short*, No. 1:17-CV-858-RP, 2018 WL 297614, at *6 (W.D. Tex. Jan. 4, 2018) (applying Texas law). In *Short*, the court held a provision preventing an employee from soliciting customers with whom he had no personal involvement was reasonable because the employer's business interests included not only the employee's client base but also the employee's knowledge of proprietary information, which he might use to help a competitor. *Id.* And in *M-I LLC v. Stelly*, the court held a similar restraint was reasonable because the employer's business interests involved not only preserving its client base but also maintaining sensitive business information provided to an upper management employee. 733 F. Supp. 2d 759, 798-800 (S.D. Tex. 2010) (applying Texas law).

Gehrke relies on his role as a salesman to assert *Haass* controls here. However, the record demonstrates Gehrke was much more than a mere salesman–he was an executive and vice president with intimate knowledge of MHA's confidential business information and trade secrets who also supervised other salesmen. The trial court also found the Confidentiality Agreement was animated by MHA's concerns that Gehrke might use its goodwill to take clients with him to a

competitor *and* use MHA's confidential business information and/or trade secrets to help that competitor. We conclude MHA's business interests involved not only preserving its client base but also maintaining confidential information and trade secrets. Therefore, prohibiting Gehrke from soliciting MHA's current *and prospective* clients, so long as the restriction was otherwise reasonable and necessary to protect MHA's goodwill and confidential information, was neither unenforceable nor void. *See Short*, 2018 WL 297614, at *6; *Stelly*, 733 F. Supp. 2d at 798-800.

Additionally, we cannot hold the covenant not to compete is unreasonable because it restrains Gehrke from soliciting academic and temporary placements. Appellants contend the "undisputed" evidence demonstrated Gehrke did not solicit academic placements while at MHA and MHA does not engage in temporary placements. Though Gehrke attempted to distinguish temporary and permanent placements, the record reflects there is an overlap between the two and that they also occasionally directly compete. Further, the record shows Gehrke not only received information about temporary placements but was also commended for facilitating temporary placements while with MHA. The record also shows MHA's clients often had both temporary and permanent as well as private and academic placement needs. Here, the trial court did not abuse its discretion because it based its decision on conflicting evidence. *See Loye*, 156 S.W.3d at 619. Additionally, the restriction did not impose an unenforceable, industry-wide exclusion because it only bars Gehrke from working in other sections of the staffing industry or medical industry.

Therefore, we overrule appellants' second issue.

### B.     **Enforcement of Geographic Restrictions**

In their first issue, Gehrke and Pacific contend the trial court abused its discretion by including the ten-mile radius restriction because no evidence supported the restriction or its reasonableness. Meanwhile, MHA asserts the ten-mile radius restriction is reasonable as a subset of the larger area in which Gehrke should be restrained from competing. In its sole cross-issue,

MHA argues the trial court abused its discretion by arbitrarily including the narrow ten-mile radius restriction rather than enforcing the multi-state, statewide geographic restriction included in the confidentiality agreement. We agree with appellants and MHA.

Generally, the territory in which an employee works provides a reasonable geographic area for a covenant not to compete. *Zep Mfg. Co.*, 824 S.W.2d at 660. However, the permissible breadth of geographic restraint also "depend[s] on the nature and extent of the employer's business and the degree of the employee's involvement in that business." *AmeriPath, Inc. v. Hebert*, 447 S.W.3d 319, 335 (Tex. App.—Dallas 2014, no pet.). Thus, broad geographic restrictions have been upheld when the area constitutes the employee's actual work territory or when the employee held a management or executive position with the employer. *See id.* (upholding broad geographic restriction beyond the scope of employee's work where employer's interest in limiting former employee's competition "grew out of not only his employment as a pathologist, but also his service as a member of appellants' highest level management team."); *see also*, *e.g.*, *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 295 (5th Cir. 2004) (holding national restraint reasonable given the national character of employee's work); *Daily Instruments Corp. v. Heidt*, 998 F. Supp. 2d 553, 567 (S.D. Tex. 2014) (finding worldwide geographic restraint reasonable given employee's international clientele and intimate knowledge of sensitive company information); *Stelly*, 733 F. Supp. 2d at 798 (S.D. Tex. 2010) (finding undefined geographic restraint reasonable given employee's upper management position and because his actual territory covered the entire Western Hemisphere).

The Confidentiality Agreement prohibits Gehrke from competing in the states in which he worked during his last year with MHA, which MHA demonstrated to be Missouri, Illinois, Arkansas, Colorado, and Southern California. Yet, the injunction's ten-mile radius restraint restricts Gehrke's access to customers within Missouri, Arkansas, and Illinois (the Contested States) but not those states as a whole. Because Gehrke actually worked within the Contested

States, a multi-state, statewide geographic restriction including the Contested States imposed no greater restraint than necessary to protect MHA's business interests of precluding Gehrke's use of confidential business information or client relationships in furtherance of work for MHA's competitor. *AmeriPath, Inc.*, 447 S.W.3d at 335; *Zep Mfg. Co.*, 824 S.W.2d at 660. We also observe that Pacific, like MHA, operates in all fifty states and could place Gehrke in any state where he did not work in his final year with MHA. Thus, neither the Confidentiality Agreement nor the injunction imposed an unreasonable, industry-wide restriction.

We conclude the trial court abused its discretion by misapplying the law to the facts in failing to enforce a geographic restriction for all states where Gehrke had worked during his final year at MHA, including the entirety of the Contested States. *See Loye*, 156 S.W.3d at 619. Additionally, we conclude the trial court abused its discretion by imposing the arbitrary ten-mile radius restriction because neither party presented evidence supporting that restriction. *Butnaru*, 84 S.W.3d at 211; *Downer*, 701 S.W.2d at 241-42. We sustain appellants' first issue and MHA's cross-appeal.

## CONCLUSION

We affirm the entry of the temporary injunction, including its enforceability, except for the ten-mile radius restriction, for which we find no supporting evidence or legal justification. Sustaining appellant's first issue and appellee's cross-issue, we reverse and remand for further proceedings consistent with this opinion.

/Martin Richter/
MARTIN RICHTER
JUSTICE, ASSIGNED

181160F.P05

–8–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RICHARD GEHRKE AND PACIFIC COMPANIES, INC., Appellant

No. 05-18-01160-CV     V.

MERRITT HAWKINS AND ASSOCIATES, LLC, Appellee

On Appeal from the 298th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-18-09562.
Opinion delivered by Justice Richter. Chief Justice Burns and Justice Rosenberg participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED AND REMANDED** in part. We **AFFIRM** the entry of the temporary injunction, including its enforceability, except for the ten-mile radius restriction, for which we find no supporting evidence or legal justification. Sustaining appellant's first issue and appellee's cross-issue, we **REVERSE** and **REMAND** for further proceedings consistent with this opinion.

It is **ORDERED** that appellee MERRITT HAWKINS AND ASSOCIATES, LLC recover its costs of this appeal from appellants RICHARD GEHRKE AND PACIFIC COMPANIES, INC.

Judgment entered this 23rd day of January, 2020.